## WOOD *et al.* v. KING.

No. 6878.    Opinion Filed May 4, 1915.

Rehearing Denied September 28, 1915.

(151 Pac. 685.)

1.    **APPEAL AND ERROR—Dismissal—Case-Made.** A proceeding in error, brought to this court on a case made, where it does not appear, from the record or otherwise, that defendant in error was present either personally or by counsel at the settlement, or that notice of the time thereof was served or waived, or that amendments suggested, if any, were allowed or disallowed, will be dismissed on motion of defendant in error.

2.   **APPEAL AND ERROR**—Case-Made—Signing and Settling—
Notice. A notice to defendant in error that the case-made would
be signed and settled on September 30th at 2 o'clock p. m., "or
as soon thereafter as counsel can be heard," is not sufficient to
confer authority on the trial judge to sign and settle the case on
a day subsequent thereto, in the absence of defendant in error.

(Syllabus by the Court.)

Kane, C. J., and Brown, J., dissenting.

*Error From District Court of McIntosh County;*
*Preslie B. Cole, Judge.*

Action by Jennie King and another against Wilford
E. Wood and others. Judgment for plaintiff King, and
defendants bring error. Dismissed.

*Harlan Read,* for plaintiffs in error.

*H. E. Smith,* for defendant in error.

TURNER, J.   On September 25, 1914, plaintiffs in
error served on counsel for defendant in error notice
"that on the 30th day of September, 1914, at 2 o'clock
p. m. of that day, or as soon thereafter as counsel can be
heard," the case-made in this case would be presented to
the trial judge in his chambers in the city of McAlester
for settlement. The certificate of the trial judge certified,
and all parties agree, that the case was signed and settled
at McAlester on October 3, 1914, without defendant in
error being present in person or represented by counsel.

The case is now before us on motion to dismiss. In
*Kansas City, M. & O. Ry. Co. v. Brandt,* 33 Okla. 661, 126
Pac. 787, the syllabus reads:

"Where the certificate of the trial judge to a case-
made fails to show that the case-made was signed and
settled at the place designated in the notice to defendant
in error as the place of signing and settling the same,
and it is made to appear by the uncontroverted affidavit of
defendant in error that he was present  *   *   *   at the

place designated in the notice during the entire day for the purpose of urging the incorporation into the case-made of amendments theretofore suggested by him within the time allowed by order of the court, and that the case-made was not presented at such place on the designated date, the case-made will be held a nullity, and the proceeding in error dismissed.  *  *  *"

The facts in that case are very similar to the case at bar.  Here the defendant in error went to the chambers of the trial judge in McAlester at the time designated in the notice, taking with him amendments to have incorporated in the record, and remained in that city the entire day; but the trial judge did not appear on that day, and the case-made was not signed and settled until October 3d, three days after the time designated in the notice. Clearly the notice for settlement of the case on September 30th did not give the trial judge authority to settle the same on October 3d.  *Flathers v. Flathers,* 35 Okla. 342, 130 Pac. 134.  The rule, including its exceptions, is well stated in *First National Bank v. Daniels,* 26 Okla. 385, 108 Pac. 748, as follows:

"A case-made, which has been signed and settled without notice to defendant in error of the time and place of signing and settling same will not be considered, unless it appears: First, that defendant has waived such notice or appeared in person or by counsel at the time and place of settling same; second, that defendant suggested amendments, all of which were allowed; third, that defendant suggested amendments, all of which were allowed, except those that were immaterial."

The importance of such a rule is disclosed by this case, for here is a defendant in error who did everything in his power to meet the requirements of the notice and protect his interest by being present at the proper time and place to urge the incorporation into the case-made

of amendments material to the case, but notwithstanding his diligence, if this case-made is permitted to stand, will be deprived of his rights.

The appeal is dismissed.

SHARP and HARDY, JJ., concur.   KANE, C. J., and BROWN, J., dissent.