## SOUTHWESTERN SURETY INS. CO. v. GOING *et al.*

No. 6766.   Opinion Filed June 29, 1915.

(150 Pac. 488.)

1. **APPEAL AND ERROR—Case-Made—Settling and Signing—Time for Pres ntation.** Where a case-made has been presented within the time fixed by the trial judge, the plaintiff in error may, at any time after the expiration of the time fixed for suggesting amendments and within the time in which an appeal may be taken to this court, upon the prescribed notice, present to the trial judge for settling and signing said case-made.

2. **SAME—Settling and Signing—Notice.** When the plaintiff in error has presented a case-made, after the time fixed to suggest amendments, and given the prescribed notice of the time and place that the trial judge will be asked to settle and sign the same, and the trial judge is absent at the time and place named in such notice, such notice of the time and place to settle and sign such case made becomes **functus officio**, and, before such case-made can be legally settled and signed, another notice of the time and place of settling and signing the same must be served upon the opposite party, unless such party appears or waives such notice.

3. **SAME—Settling Without Notice—Dismissal.** A case-made, settled and signed without service of notice, stating the time and place in which the presiding judge will be asked to settle and sign the same upon all of the opposite parties, and without their appearance, either in person or by attorney, and without their waiver of such notice, is a nullity, and confers no jurisdiction on this court to decide any question thereunder.

(Syllabus by Collier, C.)

*Error from District Court, McCurtain County;*

*Summers Hardy, Judge.*

Action by Lilly Going and others against the Southwestern Surety Insurance Company. Judgment for plaintiffs, and defendant brings error. Dismissed.

The defendants in error brought this action against plaintiff in error to recover upon a bond, executed by it,

as surety, to secure a judgment in the sum of $1,899.44. A motion was timely filed for a new trial, which was overruled and excepted to. From a judgment in favor of defendants in error, this appeal is prosecuted.

The defendants in error now move the court to dismiss this appeal, upon the ground that the case-made was not filed within the time allowed, and that the same was settled and signed without notice of the time and place of such settling and signing to the opposite parties, and without the appearance of the parties or their attorneys, and without such notice being waived.

The evidence is uncontradicted that the case-made was duly presented within the time allowed, after the expiration of the time fixed for suggesting amendments, and notice for the prescribed time was served upon the attorneys for defendants in error, Lilly Going and Horton & Phillips, that the trial court would be asked at its chambers on July 2, 1914, to settle and sign said case-made. Upon said 2d day of July, the plaintiff in error sought to have said case-made signed and settled by the presiding judge, and for that purpose appeared at the chambers of the judge, but the judge was not in the town in which his chambers were located. Thereafter plaintiff in error attempted to again notify the defendants in error that on the 24th day of August, 1914, it would request the trial judge to settle and sign the case-made herein, but, in writing said notice, an error was made, by which it appeared that August 31st was the time fixed for settling and signing said case-made, which error as to time was discovered and attempted to be corrected by changing said date from the 31st day of August to the 24th day of August, 1914. But in the notice served upon the attorneys for said Lilly Going and Horton & Phillips,

defendants in error herein, the date for said time for settling and signing said case-made was not changed, as shown by the evidence taken in the hearing had upon the matter of amending said case-made under an order of this court, allowing plaintiff in error to amend same; and the trial judge, upon the conclusion of said hearing, made the following certificate:

"I, Summers Hardy, ex district judge of the Twenty-Seventh judicial district of the state of Oklahoma, and being the district judge of the district court of McCurtain county, Okla., who presided at the trial of the above entitled and numbered cause, do hereby certify that on 24th day of May, 1914, for good cause shown, an order was made extending the time theretofore granted plaintiff in error to prepare and serve case-made, 15 days additional time from and after the 26th day of May, 1914, a copy of which said order of extension appears at page 97 of the record herein. That said order of extension was duly filed in the office of the clerk of the district court of McCurtain county, Okla., and entered of record in said court, as appears by the certificate of the clerk attached to certified copy of the order on the 25th day of May, 1914. I further certify that said case-made was duly served upon the defendants in error on the 8th day of June, 1914; and that on the 8th day of June, 1914, notice was served upon defendants in error that said case-made would be presented to the undersigned, as judge of the district court of McCurtain county, Okla., at his chambers in the town of Hugo, in Choctaw county, Okla., on the 2d day of July, 1914, at the hour of 10 o'clock a. m.; and that on the 2d day of July, 1914, at 10 o'clock a. m., plaintiff in error presented said case-made at the office of the undersigned for settlement, but the undersigned was on said date absent from his office, being engaged in the prosecution of a political campaign; and that thereafter, on the 24th day of August, 1914, said case-made was by the undersigned allowed, signed, and settled, as appears from the original case-made on file. Between the date that said

case-made was presented at the office of the undersigned for settlement, to-wit, the 2d day of July, 1914, and the time that said case-made was in fact signed and settled, the plaintiff in error undertook to serve an additional notice upon defendants in error that said case-made would be presented to the undersigned for settlement; but I find that no notice that said case-made would be presented on the 24th day of August, 1914, was in fact served upon the defendants in error, Lilly Going and Horton & Phillips."

*J. E. Whitehead,* for plaintiff in error.

*Warren B. Phillips* and *McPherren & Cochran,* for defendants in error.

Opinion by COLLIER, C. (after stating the facts as above). There is no question that the case-made was presented in time and proper notice given to the defendants in error that the judge would be asked to settle and sign the case-made at his chambers on July 2, 1914, and the fact that the judge at said time was absent from the place named in the notice of the time of settling and signing said case-made, and did not at such time settle and sign said case-made, cannot work to the prejudice of the plaintiff in error, but with the passing of the day at which notice had been given for the settling and signing of the case-made, without action on the part of the trial judge, said notice was rendered *functus officio,* and consequently the case-made stood as though no notice had been given of the time and place in which to settle and sign the same. Where a case-made has been presented within the time fixed by the trial court, or at any time after the time fixed for suggesting amendments, and upon notice for the time specified by the order of the trial judge, the case-made may be settled and signed, provided the same is within the time in which an appeal might be taken to

this court; and, if for any reason the trial court is absent, any number of successive notices may afterward be given, fixing the time in which the case-made is to be settled and signed; and the case-made may be legally settled and signed at any time, after the time fixed for suggesting amendments has expired, upon proper notice, prior to the expiration of the time within which an appeal to this court may be taken.

The foregoing statement of the law of settling and signing a case-made is so thoroughly established as not to require the citation of authorities. A case-made, settled and signed without notice of the time and place to each and all of the opposite parties, and without the appearance of all the opposite parties, either in person or by their attorneys, and without their waiver as to such settling and signing, is a nullity, and does not confer jurisdiction upon this court to decide any question arising thereunder. *Moore v. Howard Mer. Co.*, 40 Okla. 491, 139 Pac. 524.

The certificate of the trial judge, on the hearing of the matter of amending said case-made, "that no notice that said case-made would be presented on the 24th day of August, 1914, was in fact served upon defendants in error, Lilly Going and Horton & Phillips," renders the case-made, settled and signed August 24, 1914, a nullity. *Tracy v. Dennis*, 45 Okla. 208, 145 Pac. 772; *Moore v. Howard Mer. Co.*, *supra.*

In *Wyant v. Wheeler*, 38 Okla. 68, 132 Pac. 137, it is held:

"Though the case-made is served within the prescribed time, yet if the party is not served with notice of the time and place of its presentation for settlement, unless such an appearance was made as would operate

to waive notice, or amendments as suggested by such party were allowed by the trial court, the case-made as settled cannot be considered in this court for any purpose."

See, also, *Thompson v. Fulton*, 29 Okla. 700, 119 Pac. 244; *First National Bank v. Daniels*, 26 Okla. 383, 108 Pac. 748; Burdick on New Trials and Appeals (1907) section 233, p. 200.

The required notice of time and place for settling and signing the case-made not having been given, and no appearance nor waiver of notice having been shown, this court is without jurisdiction to decide any question thereon; and this appeal should be dismissed.

By the Court: It is so ordered.