## SAND SPRINGS RY. CO. v. OLIPHANT.

No. 5994.    Opinion Filed December 14, 1915.

Rehearing Denied May 2, 1916.

(157 Pac. 284.)

**APPEAL AND ERROR—Record—Settlement of Case-Made.** A notice to defendant in error that case-made would be presented to the trial judge for signing and settlement on January 6, 1911, at 10 o'clock, a. m., "or as soon thereafter as counsel can be heard," is not sufficient to confer authority upon the trial judge to sign and settle the same on the 12th day of January, in the absence of the defendant in error.

(Syllabus by the Court.)

*Error from Superior Court, Tulsa County;*
*M. A. Breckenridge, Judge.*

Action by John A. Oliphant against the Sand Springs Railway Company. Judgment for plaintiff, and defendant brings error. Dismissed.

*Rice & Lyons,* for plaintiff in error.

*Jno. A. Oliphant,* for defendant in error.

HARDY, J. Defendant in error files motion to dismiss this appeal, on the ground that the case-made was signed and settled in the absence of the defendant in error and of his counsel, and without notice to them or either of them of the time and place of such settlement. To this motion response has been filed.

On December 20, 1913, defendant in error was served with notice that said case-made would be presented to the trial judge for settlement and signature on the 6th day of January, 1914, at the hour of 10 o'clock, a. m., "or as soon thereafter as counsel can be heard." No further

notice of settlement was served on defendant in error. The amended certificate of settlement shows that the case-made was signed and settled on the 12th day of Janua·y, 1914, in the absence of defendant in error and his attorney, and that no amendments were suggested thereto by defendant in error.

In the motion to dismiss it is claimed that under this notice the court was without authority to settle and sign the case-made on the 12th day of January, the date the certificate shows same was, in fact, settled and signed, in the absence of defendant in error and his attorney. The motion is good upon this ground. The rule is so well settled as to need no citation of authorities that, where it does not appear from the record, or otherwise, that the defendant in error was present, either in person or by counsel, at the settlement, or that notice of the time thereof was served or waived, or that amendments were suggested, a case-made so settled and signed is a nullity; and it not only does not appear from the record that defendant in error was present, but it affirmatively appears that he was not present, and did not suggest amendments, and it does not appear that notice of the time and place of settlement was waived.

Upon the question of the sufficiency of the notice given, in the case of *Wood et al. v. King,* 49 Okla. 98, 151 Pac. 685, the second paragraph of the syllabus is as follows:

"A notice to defendant in error that the case-made would be signed and settled on September 30th at 2 o'clock, p. m., 'or as soon thereafter as counsel can be heard,' is not sufficient to confer authority on the trial judge to sign and settle the case on a day subsequent thereto, in the absence of defendant in error." *South-*

18—53

*western Surety Co. v. Going et al.*, 48 Okla. 460, 150 Pac. 488.

The facts in the instant case are similar to those in the case just quoted from; and upon authority thereof the motion to dismiss is sustained, and the cause dismissed.

All the Justices concur.