## BAKER & LOCKWOOD MFG. CO. v. VOORHEES et al.

No. 8529—Opinion Filed May 15, 1917.

(165 Pac. 125.)

(Syllabus by the Court.)

### Appeal and Error—Case-Made—Notice.

Where plaintiff in error has prepared and served a case-made, and has given the prescribed notice of the time and place that same will be presented to the trial judge for settlement and signature, and the trial judge is absent at such time and place, said notice becomes functus officio, and before such case-made can be legally settled and signed another notice of the time and place of settling and signing must be served upon the opposite party.

Error from County Court, Okmulgee County; Mark L. Bozarth, Judge.

Action by the Baker & Lockwood Manufacturing Company against Lee A. Voorhees and others. Judgment for defendants, motion for new trial sustained as to defendant Greenwalt. and overruled as to defendant Voorhees. and plaintiff brings error. Appeal dismissed.

Swain & Griffith and William W. Shelley; for plaintiff in error.

Cochran & Ellison, for defendants in error.

HARDY, J. Plaintiff in error commenced this action against defendants in error on an alleged contract of guaranty. The parties will be referred to as they appeared in the trial court.

Richards having died, and his death being suggested, the action as to him was dismissed, and was also dismissed as to the trustees of L. O. O. M. Trial resulted in judgment for defendants. Plaintiff filed motion for new trial, which was sustained as to defendant Greenwalt, and overruled as to the defendant Voorhees. Time was granted in which to prepare and serve case-made, which was duly prepared and served by plaintiff, and suggestion of amendments by defendant Voorhees was duly served upon plaintiff. Notice was thereafter served by plaintiff that the case-made would be presented to the trial judge on July 6, 1916, for settling and signing. On that day the trial judge was absent, and the case-made could not be presented to him, but on the succeeding day, July 7, 1916, in the absence of defendants in error or any one representing them, and without additional notice, the case-made was settled and signed by the judge, without incorporating therein the amendments suggested by defendants, which had been served upon plaintiff. Motion is made to dismiss the appeal, because same was signed and settled upon a day subsequent to that fixed in the notice, in the absence of defendants, without incorporating in the case-made the amendments suggested.

The motion must be sustained. It is now the established rule in this court that where the plaintiff in error has prepared and served a case-made, and has given the prescribed notice of the time and place that the trial judge will be asked to settle and sign the same, and the trial judge is absent at the time and place named in such notice, such notice becomes functus officio, and before such case-made can be legally settled and signed another notice of the time and place of settling and signing must be served upon the opposite parties. Southwestern Surety Ins. Co. v. Going, 48 Okla. 460, 150 Pac. 488; Sand Springs R. Co. v. Oliphant, 53 Okla. 528, 157 Pac. 284; Wood v. King, 49 Okla. 98, 151 Pac. 685.

The motion is sustained, and the case dismissed.

All the Justices concur.