JANUARY TERM, 1918                         131

Hubert v. Amer. Surety Co., 25 N. M. 131.

[No. 2309, Nov. 16, 1918.]
## HUBERT v. AMERICAN SURETY CO.
[Rehearing Denied Jan. 27, 1919.]

### SYLLABUS BY THE COURT.

Where an appellant fails to file a cost bond within 30 days as required by section 15, c. 43, Laws 1917, the appeal fails or abates, and in such case the appellee is not entitled to docket the case and secure an affirmance under section 22 of said chapter for failure of the appellant to file a transcript within 80 days.

Appeal from District Court, Eddy County, Richardson, Judge.

Action by F. E. Hubert, receiver, against the American Surety Company. Judgment for defendant, and plaintiff appeals. Motion by appellee for an affirmance of the judgment denied, and motion of appellant to dismiss the appeal granted.

BUJAC & BRICE, of Roswell, for appellant.

No cost bond having been filed with the District Court for appeal as provided by Section 15 of the Appellate Act, said appeal failed, and this Court has no jurisdiction of said cause, nor did it ever acquire jurisdiction of said cause, and the appellant now has the right to apply for a new appeal or sue out a writ of error.

Hernandez v. Roberts, 173 Pac. 1034; Acequia Madre v. Meyer, 17 N. M. 371; Daley v. Foster, 17 N. M. 377; Aspen, etc., Co., v. Billings, 150 U. S. 34; Evans v. Bank, 134 U. S. 330; Thompson v. Anderson, 82 Texas 237; Smith v. Morrill, 11 Colo. 284; Carson v. Merle, 3 Scannon (Ill.) 168; The State v. Kolsen, 130 Ind. 434; Cahill v. Cantwell, 31 Neb. 158; Noble v. Whitten, 34 Wash. 507; Loomis v. McKenzie, 57 Iowa 77; Martinez v. Gallardo, 5 Cal. 155; Columbet v. Pacheco, 46 Cal. 650; Van Auken v. Dammier, 27 Ore. 154; Kelsey v. Campbell, 38 Barbour (N. Y.) 238; Morgan v. Pierce, 171 Pac. 792; Anthony v. Grand, 99 Cal. 602; 3 C. J., Pages 348-352

(Sections 102-103) 3 C. J., Pages 1252-1255; 3 C. J., Page 1097; Secs. 1, 4, 15 and 22, C. 43, L. 1917.

STENNIS & PHILLIPS and D. G. GRANTHAM, all of Carlsbad, for appellee. FRANCIS C. WILSON, of Santa Fe, of counsel.

Appellant cannot abandon appeal and defeat accrued right of adverse party.

Sec. 22, C. 43 L. 1917.

### OPINION OF THE COURT.

ROBERTS, J. On the 31st day of May, 1918, upon application of the appellant, an order was entered in the district court of Eddy county granting appellant an appeal to the Supreme Court. Appellant filed no cost bond as required by section 15, c. 43, Laws 1917. On the 16th day of October, 1918, appellee filed, in this court, a motion to docket and affirm the judgment of the lower court under the provisions of section 22 of said chapter 43, Laws 1917. On the same day, but after the motion to docket and affirm had been filed, appellant filed a motion asking this court to dismiss the appeal. He also filed an application for a writ of error, which, however, need not be considered in this connection. The rights of the parties depend upon the construction of the two sections of the act of 1917 above referred to.

It is appellant's contention that by reason of his failure to file the cost bond within the time required by said section 15, i. e., 30 days, the appeal failed or abated; consequently, no right existed in the appellee under said section 22 to docket the cause and secure the affirmance of the judgment.

On behalf of appellee it is contended that notwithstanding the fact that said section 15 provides, ''in case the appellant or plaintiff in error shall fail to file a cost bond as herein provided, the appeal or writ of error, as the case may be, shall fail,'' nevertheless the Supreme

Court has jurisdiction of the case and should docket and affirm upon motion of appellee for failure of appellant to file a transcript within 80 days after the appeal is allowed. The effect of section 15 was considered by this court in the case of Hernandez v. Roberts, 24 N. M. 253, 173 Pac. 1034, and it was held that the section had the effect of abating an appeal or writ of error where no cost bond is filed within the time required by the statute; that the failure to file a cost bond was an incurable defect which could not be waived by the appellee. Hence it follows that the Supreme Court, of its own motion, would be required to dismiss an appeal in which no cost bond had been filed as required by the statute. It is undoubtedly true, as held in the case of Abeyta v. Spiegelberg, 20 N. M. 614, 151 Pac. 696, that the Supreme Court acquires jurisdiction over the cause on appeal upon allowance of the same by the district court. The portion of the statute before the court in the Spiegelberg Case was incorporated into the new statute without change. The provision of the amended statute that, if the cost bond is not filed within the time limited, the appeal shall fail, has the effect of abating the appeal upon the failure to give the bond. This being true, when the failure is called to the attention of the court, it is its duty to dismiss the appeal. The effect of a motion to docket and affirm, under section 22, necessarily assumes that there is a case pending before the court, over which the court has the power to assume jurisdiction and grant relief on the merits to one or the other of the parties. Said section 22 authorizes the court to deny appellee an affirmance of the case for failure to file a transcript if good cause for such failure is shown. Suppose, for example, that no cost bond is filed; that appellee moves to docket and affirm for failure to file the transcript. Appellant shows good cause for the failure. What would be the status of the case in view of the fact that no cost bond had been filed? We are satisfied that, where a cost bond has not been filed within the time required, the appeal fails for all purposes, and that it is the duty of the court, upon such failure being called to its attention, to dismiss the appeal.

It follows that appellee is not entitled to an affirmance of the judgment, and that the appeal should be dismissed; and it is so ordered.

HANNA, C. J., and PARKER, J., concur.

## SYLLABUS BY THE COURT.