## OKMULGEE COUNTY BUSINESS MEN'S ASS'N et al. v. BRYAN.

No. 11384—Opinion Filed June 29, 1920.

(Syllabus by the Court.)

1. **Appeal and Error—Case-Made—Signing and Settling—Notice.**

A notice to defendant in error that case-made would be presented to the trial judge for signing and settling on Friday, April 30, 1920, at 9 o'clock a. m., or "as soon thereafter as the court can hear the same," without mentioning the place where the case-made was to be presented to the trial judge for signing and settling, was not sufficient to confer authority upon the trial judge to sign and settle the same, without his district, in the absence of the defendant in error.

2. **Same.**

Where plaintiff in error has prepared and served a case-made and has given the prescribed notice of the time when the same will be presented to the trial judge for set-

tlement and signature, but not the place, and the trial judge is absent from the district at such time, and the defendant in error is without knowledge of the place where case-made would be settled, such notice becomes functus officio, and before such case-made can be legally settled and signed, another notice of the time and place of settling and signing must be served upon the opposing party.

**3. Same.**

A case-made settled and signed without notice to the opposite party of the time and place of settling and signing the same, and without the appearance of such party or parties, and without their waiver of such notice, is a nullity and confers no jurisdiction on this court to decide any question thereunder.

Error from District Court, Okmulgee County; Mark L. Bozarth, Judge.

Action by Clark F. Bryan, doing business under the firm name and style of the O. K. Credit & Collection Service, against the Okmulgee County Business Men's Association and others. Judgment for plaintiff, and defendants bring error. Dismissed.

M. A. Dennis and C. B. McCrory, for plaintiffs in error.

Belford & Hiatt, for defendant in error.

JOHNSON, J. Defendant in error commenced this action against plaintiffs in error on an alleged contract and for the collection of certain promissory notes.

Defendant in error filed motion to dismiss this appeal on the ground that the case-made was signed and settled in the absence of the defendant in error and of his counsel, and without notice of the place of such settlement. To this motion there has been no response.

On April 26, 1920, defendant in error was served with notice that case-made would be presented to the trial judge for settlement and signature on the 30th day of April, 1920, at the hour of 9 o'clock a. m., "or as soon thereafter as the court can hear the same." No further notice of settlement was served on defendant in error, and no notice was given of the place where the case-made was to be signed and settled. Attorney for defendant in error makes affidavit that, assuming that the case-made would be signed and settled in the city of Okmulgee, Okmulgee county, at the chambers of the trial judge, he went to such place and also to the district court room in the city of Okmulgee on the date and at the hour mentioned, and then learned that the trial judge was not in the city of Okmulgee, or within his district, but was at the city of Eufaula, McIntosh county, and that he did not return to the city of Okmulgee on said date. Neither defendant in error nor his counsel was present at the signing and settling of the case-made, or knew where it was to be signed and settled, and neither defendant in error nor his attorney waived notice of the place of signing and settling case-made.

The rule is well settled in this jurisdiction that notice to the defendant in error that case-made will be presented to the trial judge for signing and settling on a certain date and hour, at a certain place, is necessary to confer authority upon the trial judge to sign and settle the same, and that without such notice the trial judge is without authority to sign and settle a case-made in the absence of the defendant in error or his counsel. Sand Springs v. Oliphant, 53 Okla. 528, 157 Pac. 284.

In Baker & Lockwood Mfg. Co. v. Voorhees et al., 63 Oklahoma, 165 Pac. 125, it was held that where plaintiff has prepared and served a case-made and has given the prescribed notice of the time and place the same will be presented to the trial judge for settlement and signature, and the trial judge is absent at such time and from such place, such notice becomes functus officio, and before such case-made can be legally settled and signed, another notice of the time and place of settling and signing must be served upon the opposite party.

In Southwestern Surety Ins. Co. v. Going et al., 48 Okla. 460, 150 Pac. 488, it was held that a case-made settled and signed without notice setting a time and place to sign and settle same upon all of the opposing parties, and without their appearance, either in person or by attorney, and without their waiver of such notice, is a nullity, and confers no jurisdiction on this court to decide any question thereunder.

The motion herein is sustained and the case is dismissed.

HARRISON, V. C. J., and PITCHFORD McNEILL, and RAMSEY, JJ., concur.