## EDGERLY v. JOHNSON et al.

No. 10140—Opinion Filed Aug. 10, 1920.

Rehearing Denied Dec. 14, 1920.

(Syllabus by the Court.)

1. **Appeal and Error—Settlement of Case-Made—Sufficiency of Notice.**

A notice to defendant in error that case-made would be presented to the trial judge for signing and settlement on May 1, 1918, at 10 o'clock a. m., "or as soon thereafter as counsel can be heard," is not sufficient to confer authority upon the trial judge to sign and settle the same on the 6th day of May, in the absence of the defendant in error.

2. **Appeal and Error—Record Proper—Motions.**

Motions presented to the trial court, the rulings thereon, and exceptions thereto, are not properly part of the record and cannot be presented to this court by transcript.

Error from District Court, Beckham County; Frank Mathews, Assigned Judge.

Action by Jennie Edgerly against Tom R. Johnson, A. T. Sullivan, and S. L. Shore. Judgment for defendants, and plaintiff brings error. Dismissed.

J. M. Bishop, for plaintiff in error.

T. R. Wise, C. S. Gilkerson, and Tracy & Hendricks, for defendants in error.

KANE, J. Defendants in error filed motion to dismiss on the ground that the case-made was signed and settled in the absence of the defendants in error and their counsel, and without notice to them of the time and place of such settlement. To this motion no response has been filed.

On April 26, 1918, defendants in error were served with notice that the case-made would be presented to the trial judge for settlement and signature on the first day of May, 1918, at 10 o'clock a. m., "or as soon thereafter as counsel can be heard." No further notice of settlement was served on defendants in error. It is shown that the case-made was signed and settled on the 6th day of May, 1918, in the absence of defendants in error and their attorneys, and no amendments were suggested thereto by defendants in error.

The rule is well settled that where it does not appear from the record or otherwise that the defendant in error was present, either in person or by counsel, at the settlement, or that notice of the time thereof was served or waived, or that amendments were suggested, a case-made so settled and signed is a nullity. Sand Springs R. Co. v. Oliphant, 53 Okla. 528, 157 Pac. 284; Globe Surety Co. v. First State Bank of Hewett, 57 Okla. 427, 157 Pac. 316; Wood v. King, 49 Okla. 98, 151 Pac. 685; Southwestern Surety Co. v. Going, 48 Okla. 460, 150 Pac. 488.

The errors assigned are that the court erred in overruling the motion of plaintiff in error for a new trial; that the court erred in refusing and ruling out competent evidence on the part of the plaintiff in error; and that the court erred in sustaining defendant's demurrer to the evidence introduced by plaintiff in error. These matters are not part of the record in the trial court, and cannot therefore be considered on transcript.

Motions presented to the trial court, the rulings thereon, and exceptions thereto, are not properly part of the record, and cannot be presented to this court by transcript. Williams v. Kelly, 71 Oklahoma, 176 Pac. 204; Lawton Grain Co. v. Brunswig, 72 Oklahoma, 179 Pac. 465.

For the reasons stated, the motion to dismiss is sustained.

RAINEY, C. J., and HARRISON, HIGGINS, and BAILEY, JJ., concur.