## BANK OF COMMERCE OF TAIBAN v. DUCKWORTH et al.

[No. 2513.   Nov. 29, 1920.]

### SYLLABUS BY THE COURT.

1. Under the statute (Laws 1917, c. 43, § 15) sureties on a cost bond on appeal are not required to justify. Justification may be required by the clerk for his protection in approving the bond.                                        P. 440

2. Where a cost bond on appeal has been approved by the clerk of the district court, the appellee is not entitled to a dismissal of the appeal if the bond should prove insufficient as to sureties. His remedy is by a motion and rule for additional security.                                                      P. 440

Appeal from District Court, Union County; Lieb, Judge.

Action by the Bank of Commerce of Taiban, against W. A. Duckworth and another. Judgment for plaintiff, and defendants appeal. On motion to dismiss appeal. Motion denied.

TOOMBS & TAYLOR, of Clayton, for appellants.

O. P. EASTERWOOD, of Clayton, and JAMES A. HALL, of Portales, for appellee.

### OPINION OF THE COURT.

ROBERTS, J. Appellee has filed a motion to dismiss the appeal in this case upon the ground that this court is without jurisdiction to entertain the same, because: (a) The cost bond was signed by nonresident sureties; (b) the sureties on said bond justify as to the ownership of sufficient real estate in the state of Texas, but do not justify as to property within the state; (c) that the justification of said sureties was not acknowledged before an officer authorized by the statutes of the state of New Mexico. The appeal was allowed on the 24th day of September, 1919. A cost bond was filed with the clerk of the district court of Union county and approved by him on the 3d day of October, 1919. The bond was signed by the appellants as principals and C. C. Connell and J. M. Boren as sureties. There is nothing on the face of the bond or in the affidavit of justification by the sureties which shows that such sureties were nonresidents of the state. They do swear that they are the owners of property worth the sum of $300, over and above just debts and liabilities, situated in the state of Texas, and it is upon this that the claim is made that they are nonresidents.

[**1, 2**] The statue (section 15, c. 43, Laws 1917) provides that the bond shall be approved by the "respective clerks, as supersedeas bonds are approved." The statute does not require justification of the sureties. This is exacted by the clerks for their protection and to enable them to determine that the bond tendered is good and sufficient. The statute quoted is rather severe, in that it provides that, where the appellant fails to file cost bond within the 30 days limited, the appeal shall fail.

The cost bond referred to is to be approved by the clerk, and we believe that, where appellant has tendered a cost bond which has been so approved, it would be going beyond the letter of the statute to hold that an appellant must tender not only a bond which will be approved by the clerk, but one which will withstand the judicial scrutiny as to form and sureties. Of course, if the bond showed on its face that it was executed by nonresident sureties, a different question might arise, because clearly they would be incompetent. The presumption is in favor of the validity of the action of the clerk in giving his approval to the bond; that he acted properly and that the sureties were residents of the state. If the clerk accepts an appeal bond and the appellee regards the surety thereon as insufficient, his remedy is a motion and rule for additional security. 3 C.J. 1142. What we have said disposes of the question that the justification was not had before the proper officer. This justification was for the information of the clerk of the district court, and was not required by statute. Consequently it would be wholly immaterial as to whether the oath was taken before the proper officer or not.

For the reasons stated, the motion to dismiss the appeal will be denied; and it is so ordered.

PARKER, C. J., and RAYNOLDS, J., concur.