**HASLET et al. v. PAN-AMERICAN RE-
FINING CO.**

No. 11416—Opinion Filed June 19, 1923.

**1. Appeal and Error—Notice of Appeal—
Waiver.**

The notice of appeal, required to be given by section 782, Comp. Stats. 1921, is waived by appellee in general appearance to file amendments to case-made within six months from date of judgment.

**2. Same—Lack of Notice and Waiver—Dismissal.**

Where case-made is settled and signed without sufficient notice, and no waiver, appearance or amendments are shown in record on part of appellee, the case-made is a nullity and not subject to amendment after the time expires for filing record in Supreme Court, and on motion of appellee the appeal will be dismissed.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Tulsa County; Owen Owen, Judge.

Action by C. W. Haslet and another,partners, against the Pan-American Refining Company. From the judgment, plaintiffs bring error. Dismissed.

R. M. Dick, for plaintiff in error.

Geo. B. Schwabe, for defendant in error.

Opinion by THREADGILL, C. This is an appeal by petition in error and case-made from Tulsa county, Okla. It appears from the record that judgment was rendered in the district court on November 10, 1919; that an extension of time was given the plaintiffs in which to prepare and serve case-made; that case-made was served on defendant on the 9th day of December, 1919; that notice of settling case-made on the 7th day of March, 1920, was served on defendant on the 1st day of March, 1920; that case-made was settled and signed by district judge on the 26th day of March, 1920, and filed in the Supreme Court on the 10th day of May, 1920; that stipulations for amendments to the case-made were filed in the district court of Tulsa county on the 16th day of July, 1920, and the same were filed in the Supreme Court on July 30, 1920; and on the same day an order was made by the Supreme Court approving the same; that amended certificate of judge settling and signing case-made was made on the 11th day of July, 1920, and filed in Supreme Court on July 30, 1920; that motion to dismiss appeal was filed in the Supreme Court on the 3rd day of September, 1920, and response

thereto was filed in said court on September 25, 1920.

By the stipulations of the parties it appears that at the time judgment was given, November 10, 1919, and the plaintiffs obtained an order extending time in which to prepare and serve case-made, they did not give notice of appeal as provided in section 5243, Revised Laws 1910, and under the holding of this court, in Patterson v. Townley Metal & Hardware Company, 83 Okla. 54, 200 Pac. 852, this would fail to confer jurisdiction on this court and the appeal should be dismissed; without the defendant has waived the notice provided for in said section.

This notice takes the place of summons in error and serves the purpose of obtaining jurisdiction of the person in the case. In the stipulations it is agreed that the case-made was served on the defendant on the 9th day of December, 1919, and the said defendant immediately thereafter on the ___ day of December, 1919, filed in said cause suggested amendments to same. This would constitute a general appearance on the part of the defendant and waive the notice under the statute, being an appearance within the time provided by law for filing the appeal in this court. Hill v. Hill et al., 49 Okla. 424, 152 Pac. 1122; In re Holmes Estate, 62 Okla. 33, 161 Pac. 801.

2. It further appears from the record that the notice given by plaintiffs to settle and sign case-made was given on the 1st day of March, 1920, and the same was as follows:

"You are hereby notified that I will present the case-made in the above entitled cause, case 7476, to the Honorable Owen Owen, judge of the district court, to sign and settle same on the 7th day of March, 1920, at 9 o'clock a. m., or as soon thereafter as the same may be heard."

And no other notice was given, the case-made was settled and signed by the district judge on the 26th day of March, 1920. The defendant was not present and not represented and the amendments suggested by the defendant were not considered by the courts, although on file in the court clerk's office, and there was no waiver on the part of the defendant. This notice and the action of the court are for the purpose of obtaining jurisdiction of the subject-matter involved. This notice in the absence of the exception to the rule (First National Bank v. Daniels, 26 Okla. 385, 105 Pac. 748), was not sufficient to authorize the trial judge to settle and sign the case-made. Wood et al., v. King, 49 Okla. 98, 151 Pac. 685; Globe

Surety Co. v. First National Bank of Hewett, 57 Okla. 426, 157 Pac. 316; Sand Springs Ry. Co. v. Oliphant, 53 Okla. 528, 157 Pac. 284; Edgerly v. Johnson et al., 80 Okla. 19, 193 Pac. 872.

And under these decisions the case-made filed in this court a nullity, and of no force and effect, and conferred no jurisdiction upon this court for any purpose except to dismiss the appeal.

But the plaintiffs contend that the defendant waived this notice and the action of the court in signing and settling case-made on the 26th day of March, 1920, by preparing the stipulations filed in this court July 30, 1920, and in asking and obtaining an amendment to the trial judge's certificate, and in making application for amendments to the case-made, and by motion to dismiss the appeal, and by these appearances complete jurisdiction for all purposes was conferred. This would be true if the acts of the defendant were done within the time allowed by law for filing record in Supreme Court. After the time expires amendments as amendments to case-made that is a case-made may be allowed by this court, but a case-made that is a nullity, for the reason the same is not settled and signed upon proper notice or upon waiver of notice or by including the amendments offered or by having the defendant present, cannot be reviewed and amended after the time expires for filing the case-made in this court, by agreement or order of this court or otherwise. It is a question of jurisdiction of the subject-matter, and jurisdiction never having attached, it is too late for attachment after six months from the date of judgment.

The plaintiffs do not undertake to show when the defendant made the appearance urged by them, and the only record we have is that all the appearance mentioned by the plaintiffs in their brief, resisting the motion to dismiss, were after the six months had expired.

The notice given the defendant to settle case-made on the 7th day of March, 1920, was sufficient notice if the court had exercised jurisdiction on that day, but failing to do this, and undertaking to exercise jurisdiction on the 26th day of March, thereafter, and without notice to the defendant of this day, or the presence of the defendant, or waiver, or without incorporating amendments suggested, was without authority of law and an infringment upon the defendant's rights, and the case-made so attempted to be certified is a nullity and is not subject to amendment after the time expires for filing case-made, as provided by law.

This court would rather pass on the merits of the cause in any case than dismiss the appeal, but where the record shows clearly that this court is without jurisdiction, under the law, it does not feel responsible for the failure of the cause on the merits. It is the duty of counsel for plaintiff in error to see that the case is lodged in this court according to the provisions of law in such cases made and provided, Ft. Smith & Western Ry. Co. v. State National Bank, 25 Okla. 128, 105 Pac. 647.

The appeal is dismissed.

By the Court: It is so ordered.