## HOME BUILDERS LUMBER CO. v. WEST, Co. Treas., et al.

No. 11117—Opinion Filed July 3, 1923.

Rehearing Denied Sept. 25, 1923.

(Syllabus.)

### Appeal and Error—Notice of Settlement of Case-Made.

A notice to the defendant in error that the case-made would be presented to the trial judge for settlement and signing on the 12th day of December, 1919, at 1:30 o'clock, p. m., "or as soon thereafter as counsel can be heard," is not sufficient to confer authority upon the trial judge to settle and sign the same on the 20th day of December, in the absence of the defendant in error.

Error from District Court, McCurtain County; A. A. McDonald, Judge.

Judgment in favor of F. B. West, County Treasurer of McCurtain County, against the Home Builders Lumber Company. Judgment assigned to John M. Craig, and from orders confirming execution sales, the lumber company brings error. Appeal dismissed.

Jno. C. Head, Etheridge & Arnett, and Ledbetter & Hudson, for plaintiff in error.

J. S. Kirkpatrick and Hunter L. Johnson, for defendants in error.

KENNAMER, J. This is an attempted appeal from two separate orders of the district court of McCurtain county confirming three separate sales of property made by the sheriff of said county under three separate executions.

It appears from the record that F. B. West. as treasurer of said county, recovered judgment on the 8th day of September, 1917, against the Home Builders Lumber Company, a corporation, for taxes due said county in the sum of $33,386.86. The lumber company appealed to this court from said judgment, and by agreement the appeal was dismissed and about $15,000 paid on the judgment. After this payment the judgment was sold and assigned to John M. Craig, and the lumber company having failed to pay the balance due on said judgment executions were issued and levied upon certain timber lands located in McCurtain county; the Home Builders Lumber Company being the record title owners of the timber on said lands under certain contracts of conveyances.

On the 24th day of June, 1919, the motions of the Home Builders Lumber Company to vacate the sales were heard and overruled and orders entered confirming the sales.

This appeal is prosecuted by the Home Builders Company to have this court review the orders of the court confirming the sales and overruling the motions to vacate. Various motions have been filed to dismiss the appeal by both defendants in error and heretofore overruled.

Counsel for the defendants in error, by permission of the court, have represented said motions in their brief and on the oral argument of the cause. Numerous grounds are urged for the dismissal of the appeal. Among said grounds is that "the case-made was settled in the absence of defendants in error without waiver and without legal notice of the time and place of settlement after the suggestion of amendments which were not acted upon." We deem it only necessary to consider this ground for the dismissal of the appeal, as it is plain from the facts as disclosed by the record that the appeal must be dismissed upon this ground. The notice found in the record is as follows:

"You are hereby notified that on the 12th day of December, 1919, at 1:30, p. m., or as soon thereafter as counsel can be heard, the case-made in said cause will be presented to the Honorable A. A. McDonald at his chambers in the city of Hugo, for settlement."

There is no controversy about the case-made having been settled and signed on the 20th day of December, 1919, subsequent to the date provided for in the notice, and that counsel for Craig was not present nor waived his right to be present in writing. It is not denied that counsel for Craig had suggested amendments which the record shows were not allowed by the trial judge.

Inasmuch as the judgment had been sold to Craig and record of assignment of the same made, we do not consider the treasurer any longer a necessary party.

The plaintiff in error seeks to justify the absence of the defendant in error Craig, or his counsel, at the settling of the case-made by filing an affidavit of A. J. Waldock, president and managing officer of the Home Builders Lumber Company, tending to establish an oral waiver on the part of H. M. Kirkpatrick, attorney for Craig, of his right to be present when the case-made was settled and signed. We deem it sufficient to state that where a waiver of the right of the party to an appeal, or his counsel, of notice or his right to be present at the settling and signing of a case-made is intended to be made, the proper manner of presenting such waiver to this court is to have such party sign a written waiver and incorporate it in the record.

The situation presented by the record in this court is that Waldock, an interested

party in this litigation, served a copy of notice for the settlement and signing of the case-made, notifying counsel for Craig that "the case-made would be settled and signed on the 12th day of December, 1919, at 1:30, p. m., or as soon thereafter as counsel can be heard before G, M. Barrett at his chambers in the city of Idabel." It appears this notice was changed to read, "before Honorable A. A. McDonald at his chambers in Hugo," and that without any appearance on the part of Craig, or his counsel, or other notice, the case-made was settled and signed on the 20th day of December. It is obvious in this situation that such a case-made has not been settled and signed as required by law. This court has in numerous cases held that where a case-made is settled in the absence of a party without the required notice or a waiver of notice, such case-made is a nullity and does not confer jurisdiction upon this court, and the appeal will be dismissed. Keenan v. Chastain, 64 Okla. 16, 164 Pac. 1145; Southw. Surety Ins. Co. v. Going, 48 Okla. 460, 150 Pac. 488; Baker & Lockwood v. Voorhees, 63 Okla. 283, 165 Pac. 125; Okmulgee Co. Bus. Men's Ass'n v. Bryan, 79 Okla. 23, 190 Pac. 1086; Harrison v. Denny, 28 Okla. 523, 114 Pac. 734.

In the case of Hubbard v. Meek, 60 Okla. 46, 160 Pac. 1128, this court quoted a large number of cases announcing this rule:

"Where no notice of the time of settlement of a case-made is given or waived, and there is no appearance of the opposite party, either in person or by counsel, a case-made so settled is a nullity, and no jurisdiction is vested in this court to decide any question arising thereon."

This court, in the case of Sand Springs Ry. Co. v. Oliphant, 53 Okla. 528, 157 Pac. 284, held:

"A notice to defendant in error that case-made would be presented to the trial judge for signing and settlement on January 6, 1914, at 10 o'clock a. m. 'or as soon thereafter as counsel can be heard,' is not sufficient to confer authority upon the trial judge to sign and settle the same on the 12th day of January, in the absence of the defendant in error."

In view of these authorities, the conclusion is inevitable that the motion to dismiss the appeal must be sustained, and it is so ordered.

JOHNSON, C. J., and McNEILL, NICHOLSON, and HARRISON, JJ., concur.