State ex rel. Burg v. City of Albuquerque, et al., 30 N. M. 424

[No. 2861. Feb. 12, 1925. Rehearing Denied
April 29, 1925.]

STATE ex rel. BURG v. CITY OF ALBUQUERQUE
et al.

### SYLLABUS BY THE COURT.

1. The cost bond was duly filed, and was not ineffectual because the sureties did not subscribe an affidavit of justification. Bank of Commerce of Taiban v. Duckworth, 26 N. M. 437, 194 P. 367.

2. It is not required by the statutes of New Mexico that notice be given of the filing of a cost bond, nor that service thereof be made upon the adverse party.

3. Where notice is given that a bill of exceptions will be presented to the court to be settled and signed at a time and place stated, and the excepting party, through his fault, procures the signing thereof at a different time and place without waiver by the adverse party, and the circumstances not falling within the exceptions of section 4181, Code 1915, as construed in Ojo Del Espiritu Santo Co. v. Baca, 29 N. M. 509, 214 P. 768, such bill of exceptions will be stricken on motion as having been settled and signed without proper notice.

Appeal or Writ of Error from    District    Court, Bernalillo County; Hickey, Judge.

Suit by the State of New Mexico, on the relation of John Baron Burg, against the City of Albuquerque and others. Judgment for defendants, and plaintiff appeals or brings error. On motions to dismiss appeal and to strike bill of exceptions. Motion to dismiss appeal denied, and motion to strike bill of exceptions sustained.

B. S. Rodey, J. Lewis Clark and John Baron Burg, all of Albuquerque, for plaintiff in error.

H. B. Jamison, of Albuquerque, for defendants in error.

### OPINION OF THE COURT

BICKLEY, J. [1] This case is now before the court on the motion of defendants in error to dismiss the appeal or writ of error filed September 27, 1923, and upon its motion designated "amended motion to

JANUARY TERM, 1925    425

State ex rel. Burg v. City of Albuquerque, et al., 30 N. M. 424

dismiss the appeal or writ of error," and filed October 19, 1923, and upon the motion of defendants in error to strike the bill of exceptions.

The two motions to dismiss taken together make the claim that no cost bond, as required by the statutes, has been filed in this cause within the time required by law, and that no cost bond has been filed with sureties qualified as in other cases.

The record shows that on June 13, 1923, there was duly issued from this court the writ of error to the Second judicial district court of Bernalillo county, and that thereafter on the same day a cost bond was filed on behalf of plaintiffs in error. This bond was duly "approved both as to form and sufficiency of sureties." From the language of the amended motion to dismiss, and from the arguments made, it does not appear that the defendants in error now claim that the cost bond so filed was not filed in time, but that such bond was not sufficient compliance with the requirements of the statutes applicable thereto. It is claimed by defendants in error that the cost bond is insufficient because it is not dated. The bond purports to have been executed on the "——————day of June, A. D. 1923." It recites, "Whereas a writ of error to the district court of Bernalillo county has been granted by the Supreme Court of the State of New Mexico"; so it is apparent that it was executed on June 13, 1923, after the writ of error was allowed. The same may be said as to the absence of date in the acknowledgment. The bond is further criticized because it binds the principal and sureties to pay all costs that may be adjudged against the principal "on said appeal."

It is true that the expressions "appeal" and "writ of error" are both used in this bond. The Wyoming Supreme Court in Caldwell v. State, 12 Wyo. 206, 74 P. 496, says:

"The word 'appeal'" designates "generally any method provided by statute for removing a case from an inferior to a

426    SUPREME COURT OF NEW MEXICO

State ex rel. Burg v. City of Albuquerque, et al., 30 N. M. 424

higher court for review, including the proceeding under the statute by petition in error."

It is also claimed that, as the sureties do not make any statement to advise the clerk of the court as to their qualifications as sureties, this omission renders the bond fatally defective. This argument is based on section 15, c. 43, Laws 1917, p. 147, and it is claimed that the phrase therein used, "file * * * with the clerk of the Supreme Court in case of writ of error, a bond with sufficient sureties qualified as in other cases," makes it necessary that the sureties should, by affidavit of justification, show their qualifications. This court took a contrary view in Bank of Commerce of Taiban v. Duckworth, 26 N. M. 437, 194 P. 367, in construing the section of the statute invoked by these defendants in error.

Defendants in error complain that they had no notice of the filing of the bond and that no copy thereof was served on them. It is not required under our statutes that notice be given of the filing of a cost bond, nor that service thereof be made upon the adverse party.

This court, in the case of Bank of Commerce of Taiban v. Duckworth, 26 N. M. 437, 194 P. 367, in

"If the clerk accepts an appeal bond and the appellee regards the surety thereon as insufficient, his remedy is a motion and rule for additional security."

Defendants in error are in about the same situation as were the respondents in the case of De Roberts v. Stiles et al., 24 Wash. 611, 64 P. 795, where the court said, respecting respondents' move to dismiss the appeal on the ground that appellant had not served respondents with a copy of the bond or notice of the filing thereof:

"To make the appeal effectual, an appeal bond must be filed at or before the time when notice of appeal is given or served, or within five days thereafter. 2 Ballinger's Ann. Codes & St. § 6505. Again, 'Any respondent may except to the sufficiency of the surety or sureties in an appeal bond within ten days after the service on him of the notice of appeal or within five days after the service on him of the bond or written

notice of the filing thereof'. Id. § 6510. Notice of appeal having been served, respondents were charged with knowledge under section 6505, supra, that within five days thereafter appellants must file an appeal bond in order to make their appeal effectual. The section does not provide that the bond or written notice of the filing thereof shall be served upon respondents. The only real purpose of such service would be to give respondents an opportunity to except to the sufficiency of the bond. But section 6510, supra, gives to respondents ten days from the date of service of the appeal notice to make such objection, and they must know that at the expiration of five days from the service of the notice of appeal an appeal bond is on file, and they have, therefore, at least five days more within which to call at the clerk's office, examine the bond, and lodge their objections thereto."

For the reasons stated, the motions to dismiss the appeal for lack of proper cost bond are denied.

[2]  2. We will now consider the motion of defendants in error to strike the bill of exceptions. This motion is based on two grounds, as follows:

Because it does not appear upon the face of the record that the five days' notice to the defendants in error or their attorney required by the statutes of the state of New Mexico was ever given.

"Because it affirmatively appears from said record that the only notice ever given was notice given on the 4th day of August, 1923, that the transcript record, etc., would be taken up for signature on Thursday, the 9th, at 10 o'clock a. m. under section 25 of 1917 Practice Act, page 151; whereas the bill of exceptions was signed on the 18th day of August, 1923, under section 27, providing for the bills of exception."

The record, at page 20, shows the following:

"I, the undersigned, attorney for the above city of Albuquerque, and the commissioners thereof, hereby acknowledge service on me this 4th day of August, 1923, of this notice that the matter of the signing of the transcript, record, etc., will be taken up before the district judge of Bernalillo county, on Thursday, the 9th inst., at 10 o'clock a. m. at the courthouse, for his signature and certificate, under Section 25 of the Practice Act, of 1917, page 151, Session Laws. H. B. Jamison, Defendants in Error Attorney for as aforesaid."

It is claimed by defendants in error that, because the acknowledgment of notice heretofore quoted referred to section 25 of the Practice Act of 1917 (Laws 1917, c. 43), and not to section 27 of said act referring to bills of exceptions, he had no notice of what the

428     SUPREME COURT OF NEW MEXICO

State ex rel. Burg v. City of Albuquerque, et al., 30 N. M. 424

parties might present or what the court might do by virtue of said section 27. The office of the certified transcript of the stenographer's notes provided for by section ·25 is quite similar to that performed by the bill of exceptions provided for by section 27, and if this were the only objection to the notice and the subsequent proceedings thereunder, we might be able to compose the confusion of the reference to sections 25 and 27; but other serious objections are made. The record shows the following certificate by the court:

"And forasmuch as the matters and things contained are not o° record in the above-entitled cause, the respondent having been given the five days' notice required ·by law, the complainant prays that this, his bill of exceptions, containing the testimony and rulings of the court in said cause, and all proceedings had upon the trial of said cause, may be signed, sealed and enrolled by the judge presiding at the trial of said cause, as his bill of exceptions, which is done this 21st day of August, 1923. Raymond R. Ryan, Judge of the District Court of the Sixth Judicial District, Sitting in place of M. E. Hickey, Judge of the District Court, of the Second Judicial District."

Defendants in error complain that the acknowledgment of notice signed on the 4th day of August, 1923, refers to proceedings relative to certifications of record, transcript, etc., to be taken up before the court on August 9th at 10 o'clock a. m. at the the courthouse. They say in their argument that it is apparent that such bill of exceptions was signed and settled on a later date and express a doubt as to whether it was so signed and settled at the courthouse of Bernalillo county. The record heretofore quoted shows that the bill of exceptions was in fact signed and settled on August 21, 1923. We may not consider the affidavits and statements of counsel in the face of the record, and we are bound to consider the points raised upon the record alone. Timm v. White, 27 N. M. 219, 199 P. 904. But we may not ignore statements made by counsel, especially when made against interest and brought into the record. The defendants in error say that the finding of the court that notice had been given of the settlement and signing of the bill of exceptions is shorn of the presumption attending it, when the record

JANUARY TERM, 1925    429

State ex rel. Burg v. City of Albuquerque, et al., 30 N. M. 424

affirmatively shows the notice relied upon, and there being no claim of more than one notice given. While a finding made and entered by the judge while settling and signing a bill of exceptions showing notice of the time and place of settling the bill of exceptions is sufficient evidence prima facie to prove the fact that such notice was given, still the presumption attending the judge's certificate must yield if rebutted by convincing evidence to the contrary.

[**3**]    Plaintiffs in error, on March 15, 1924, filed in this court a paper designated as "Plaintiffs in Errors' Motion to Strike the Defendants in Errors' 'Motion to Strike Bill of Exceptions,' which latter was filed in this Supreme Court March 12, 1924." By this paper, plaintiffs in error bring into the record the following statements of fact:

"First.    That as appears by the said motion of the said defendants in error and by the transcript and the files in the cause, due notice of the settling and signing of the bill of exceptions was given on the 4th day of August, 1923, of the intention of plaintiff in error to apply five days later for the settling and signing of the same; and service of such notice was, on said former date, duly acknowledged by the said Jamison as counsel for the defendants in error.

"Second.    That on the 9th day of August, 1923, counsel for plaintiff in error appeared in said district court at 10 o'clock a. m. for the purpose of having the bill of exceptions settled and signed, but counsel for defendant in error contrary to his solemn promise in that behalf, failed to appear in response to the notice previously given to him and which he duly acknowledged; and the district judge then and there stated that the said bill of exceptions would have to be settled and signed by Judge Raymond R. Ryan, as he was the one that sat in the cause and passed upon the issues, and that said transcript was at once forwarded to the said Judge Ryan who signed and sealed the same."

From these admissions made by the plaintiffs in error, it appears that the defendants in error are correct in their contention that the bill of exceptions was settled and signed at a different time and place from that upon which they were notified to appear at the taking of or the signing of the transcript, record, etc., under section 25 of the Practice Act of 1917.

It is apparent from the admissions aforesaid that

430     SUPREME COURT OF NEW MEXICO

State ex rel. Burg v. City of Albuquerque, et al., 30 N. M. 424

plaintiffs in error did not contemplate that Judge Ryan would be requested to settle and sign the bill of exceptions on August 9, 1923. They say that on August 9, 1923, the district judge then and there stated that the bill of exceptions would have to be settled and signed by Judge Ryan, as he was the one that sat in the cause and passed upon the issues.

Under the holding of this court in the case of Ravany v. Equitable Life Assur. Soc. of the United States, 26 N. M. 41, 188 P. 1106, the judge of the district court or his successor, even though he did not try the case, might settle and sign a bill of exceptions.

There are many cases holding that where plaintiff in error serves a case-made and gives the prescribed notice as to settlement, and the trial judge is then absent, the notice becomes functus officio, and before the case-made can be legally settled another notice must be served in the absence of waiver by defendants in error. Baker & Lockwood Mfg. Co. v. Voorhees, 63 Okl. 283, 165 P. 125; Sand Springs Ry. Co. v. Oliphant, 53 Okl. 528, 157 P. 284; Okmulgee County Business Men's Ass'n v. Bryan, 79 Okl. 23, 190 P. 1086; Home Builders' Lumber Co. v. West, 95 Okl. 144, 218 P. 512; Edgerly v. Johnson, 80 Okl. 19, 193 P. 872.

In the case of Ojo Del Espiritu Santo Co. v. Baca, 28 N. M. 509, 214 P. 768, there was advanced the proposition by counsel for appellant that, as counsel for appellee had received notice on June 1, 1918, that appellant would apply for the settling and signing of the bill of exceptions, he was not entitled to any further notice. The circumstances, as disclosed by the record, attending the matter, were as follows: Counsel for appellant had served counsel for appellee with notice that he would apply on June 1, 1918, for the order, and it appeared that counsel for appellee was unable to be present, and that counsel for appellant voluntarily applied to the court and was granted an extension of 30 days within which to have the bill settled and signed. From this state of facts, this court held that sec-

tion 4181, Code 1915, was not applicable, and that, under the circumstances, it was clear that upon the extension, notice was required in order to give jurisdiction of the appellee.

For the reasons stated, the motion to strike the bill of exceptions is sustained.

Plaintiffs in error filed a statement submitting cause and moving for judgment on the pleadings and brief of plaintiffs in error, upon the ground that the time within which defendants in error had to file their brief on the merits had expired on the 29th day of September, 1923. In answer to this statement and motion, the defendants in error call attention to the fact that their motion to dismiss the appeal was filed on September 27, 1923, and claim that their time for filing their brief on the merits was tolled by virtue of section 18 of rule 6 of this court. In this respect, the defendants in error are correct.

PARKER, C. J., and WATSON, J., concur.