[No. 3046.   Oct. 20, 1925.]

VEEDER v. VEEDER et al.

[240 Pac. 811.]

SYLLABUS BY THE COURT

1: The transcribed notes of the stenographer, certified without the notice required by section 25, chapter 43, Laws of 1917, will be stricken from the record.

---

[1]   4JC p. 506 n. 96.
   [2] 3CJ p. 1107 n. 57; 4CJ p. 568 n. 78.

2.    Where applicant has failed to give cost or supersedeas bond within the statutory time, the appeal will be dismissed.

Appeal from District Court, San Miguel County; Leahy, Judge.

Action by John D. W. Veeder against Sarah Veeder, executrix of the estate of Elmer E. Veeder, deceased, and others. From the judgment, plaintiff appeals, and defendants move to dismiss the appeal. Appeal dismissed.

John D. W. Veeder, of Las Vegas, for appellant.

A. T. Rogers, Jr., and Wm. G. Hayden, both of East Las Vegas, for appellees.

OPINION OF THE COURT

WATSON, J. Motions are before us to strike from the record the certified transcribed notes of the stenographer, and also to dismiss the appeal. The motions are based on numerous grounds, but one will be decisive in each case.

[1] Appellant attempted to proceed under section 25, chapter 43, Laws of 1917, to bring into the record the transcribed notes of the stenographer, but failed to give appellees five days' notice of the certifying thereof, as required by the section. It seems obvious that this notice performs the same office, and is just as essential, as the notice required by section 27, to be given of the settlement and signing of the bill of exceptions. It has been decided many times by this court that, in the absence of such notice, the bill of exceptions must be stricken; the latest of such decisions being State ex rel. Burg v. City of Albuquerque, 30 N. M. 424, 234 P. 1012.

[2] No cost or supersedeas bond has been filed by the appellant, as required by section 15, chapter 43, Laws of 1917. This is fatal to the appeal. Hubert v. American Surety Co., 25 N. M. 133, 177 P. 889. By affidavit, appellant sets up facts constituting, as he contends, a waiver of the giving of cost bond. Assuming that such facts would constitute a waiver, and

that we could consider such showing dehors the record, the situation is thereby unchanged, because counsel for appellees have filed affidavits disputing those facts in all material respects.

It follows that both motions are well taken, and the appeal must be dismissed, and it is so ordered.

PARKER, C. J., and BICKLEY, J., concur.