## RUSSELL et al. v. HYER.

No. 19787.   Opinion Filed Nov. 13, 1928.

Rehearing Denied April 9, 1929.

W. J. Davidson, for plaintiffs in error.

Shirk, Danner & Lindley, for defendant in error.

PER CURIAM.   This is an appeal from the judgment of the district court of Oklahoma county rendered on March 8, 1928, in favor of the defendant in error.   The motion for new trial was overruled on the 31st day of March, 1928.   Numerous orders were made extending the time in which to prepare and serve case-made, in the last of which the time therefor expired on September, 24, 1928, and three days were allowed the defendant in error to suggest amendments after the case-made was served and provided for settlement upon three days' notice by either party.

Case-made was served September 24, 1928, and on the same day plaintiffs in error served notice upon the defendant in error that the case-made with amendments suggested, if any, would be presented to the Hon. H. C. Thurman, special judge, at the courthouse in Oklahoma City, in Oklahoma county, on September 28, 1928, at 9 o'clock a. m., or as soon thereafter as counsel could be heard.

The trial judge was absent from Oklahoma City on the morning of September 28, 1928, and did not return thereto until about 8 o'clock p. m., and shortly after his arrival in Oklahoma City the attorney for plaintiffs in error presented the case-made to him at his residence, where he settled and signed the same before 8:30 p. m. of said day.

The defendant in error has filed in this cause his motion to dismiss the appeal, and assigns as grounds therefor that the case-made is a nullity for the reason the same was settled and signed by the trial judge at a time and place other than designated in the notice served and without defendant in error having waived his right to notice of the time and place of settlement of case-made and in his absence.

No further notice was served of the time and place of settlement of case-made. This court has held in a number of cases that where plaintiff in error has prepared and served case-made, and has given notice of the time and place, that the trial judge will be asked to settle and sign the same, and the trial judge is absent at the time and place named in said notice, such notice becomes functus officio, and before such case-made can be legally settled and signed, another notice of the time and place of settling and signing must be served upon the opposing party. Baker & Lockwood Mfg. Co. v. Voorhees, 63 Okla. 293, 165 Pac. 125; Sands Springs Ry. Co. v. Oliphant, 53 Okla. 528, 157 Pac. 284; Wood v. King, 49 Okla. 98, 151 Pac. 685; Southwest Surety Co. v. Going, 48 Okla. 460, 150 Pac. 488; Okmulgee County Business Men Ass'n v. Bryan, 79 Okla. 23, 190 Pac. 1086; Security Trust & Saving Bank v. Gleichmann, 50 Okla. 441, 147 Pac. 1009.

Notice of both time and place of settlement is essential, that the defendant in error may be present at the settlement of the case-made that he may suggest amendments or make such objections as he may be entitled to, and without notice of both time and place he is deprived of such right.

The plaintiffs in error urge their time was too short in which to give further notice after ascertaining the absence of the trial judge. With this we cannot agree. The final order from which the appeal is taken was made on the 31st day of March, 1928. The six months in which to appeal expired on September 30, 1928, which was a Sunday, and being a Sunday must be excluded, and plaintiffs in error could have filed the proceedings in this court on October 1, 1928. Grant v. Creed, 35 Okla. 190, 128 Pac. 511. The plaintiffs in error, therefore, had from September 28, 1928, to and including October 1, 1928, in which to have obtained a proper settlement of case-made, and the close proximity of the parties to the office of the clerk of this court would afford the parties ample time to have procured proper settlement of the case-made on the 1st day of October, 1928, and have filed the same in this court on the same day. Had plaintiffs in error without fault upon their part failed in this, relief could have been obtained under other provisions of the statutes in this jurisdiction.

Under the rule announced in the authorities herein cited, the motion of the defendant in error is sustained, and the appeal is hereby dismissed.