RALPH PAINTER, by his next friend, JANE PAINTER, v. NOR-
FOLK AND WESTERN RAILROAD COMPANY.

(Filed 24 April, 1907).

1. Pleadings—Complaint—Motion to Dismiss.—An answer filed to the complaint, containing nothing to aid the allegations thereof, does not preclude a motion to dismiss.

2. Attorney and Client—Compromise—False Representations.—There is no error in the Court below sustaining defendant's motion to dismiss upon the ground that the complaint does not state facts sufficient to constitute a cause of action, in a suit to recover damages, when it appears in the complaint that a compromise has been entered between the same parties on account of the same injury by the plaintiff's attorney of record, with her approval, in the absence of allegations of fraud sufficient to impeach the judgment. Allegations that the attorney compromised

the case with the consent of the plaintiff, obtained by importunity and false representations, without averment of collusion or fraudulent combination with the defendant, are insufficient.

3. **Same—Subsequent Damage.**—Additional damages are not recoverable in a subsequent action after judgment has been entered, on account of the same injury, between the same parties, for further damage resulting from same injury.

CIVIL ACTION, heard before *Ferguson, J.,* at the March Term, 1906, of the Superior Court of FORSYTH County, upon the complaint, amended complaint and answer.

The plaintiff, by his next friend, who is his mother, sues to recover damages for personal injury alleged to have been caused by the negligence of the defendant. The defendant filed an answer, but when the cause came on for trial moved to dismiss because the complaint does not state a cause of action. His Honor, *Ferguson, J.,* sustained the motion and plaintiff appealed.

*J. S. Grogan,* for plaintiff.
*Watson, Buxton & Watson* for defendant.

BROWN, J. Because the defendant filed an answer to the complaint does not preclude it from moving to dismiss, where the answer, as in this case, contains nothing which aids the allegations of the complaint. In fact, the defense set up by the answer practically appears on the face of the complaint. The plaintiff, by the same *prochein ami,* brought suit against the defendant for the identical injury received by him on 17 November, 1904, while attempting to cross the track of defendant's road. The action was instituted on 8 December, 1904, by the attorney employed by plaintiff. With plaintiff's approval, said attorney compromised the suit for $250, and a consent judgment was duly rendered by the Superior Court and signed by the presiding Judge. The defendant paid this judgment and it has been canceled by plaintiff's

attorney of record. The complaint contains two averments, which his present counsel, Mr. Grogan, contends, if true, are sufficient to support the present action.

1. That W. O. Cox, an attorney, at the time of the injury, came repeatedly to plaintiff's home and greatly importuned her to intrust her son's case to him, and that in consequence of such importunities she did so; that she consented to the compromise judgment upon the advice and importunity of Cox, who, plaintiff says, falsely and fraudulently represented to her that the doctors would give a written guarantee that no further cutting of her son's hand would be necessary.

2. Plaintiff further avers that at the time of the rendition of the judgment her son had lost only two fingers of his left hand; that since the date of said judgment, and as a consequence of the original injury, her son has lost all the fingers of his left hand, thereby depriving him of its use. The learned counsel contends that plaintiff can now recover for this additional damage accruing since the judgment was rendered.

In respect to the first contention, we observe that the plaintiff does not allege any collusion or fraudulent combination between plaintiff's attorney and defendant. On the contrary, plaintiff acted solely on the representation of her own counsel, and in the belief that the loss of two fingers would be the extent of her son's injuries. If this were an action to impeach the judgment for fraud, there is nothing set out in the complaint to warrant the interference of the Court.

We think there is as little legal support for the plaintiff's second contention as there is for the first. It is admitted that the loss of the remaining fingers is the direct result of the original tort which caused the loss of the other two. The cause of action arose when the injury was sustained. The loss of the remaining fingers is only an aggravation of

damage. There is only one tort and one damage flowing therefrom. "The wrong produces one continuous train of consequences. The loss is all traceable back to the single origin, and in that case the law awards damages once for all." *Mast v. Sapp,* 140 N. C., 538. In this case the subject is discussed by *Mr. Justice Walker* with such fullness of authority that it is unnecessary to do more than cite the case. When the judgment was rendered awarding damages for the injury done the plaintiff's person, it barred an action for the recovery of further damages to plaintiff's person on account of the same tort.

Affirmed.