## HOME BUILDERS LUMBER CO. v. WHITE.

No. 9779—Opinion Filed Sept. 9, 1919.

(Syllabus by the Court.)

1. **Appeal and Error—Settlement Pending Appeal—Dismissal.**

Where plaintiff in error, after filing an appeal from judgment of the trial court, enters into a written agreement of settlement of

such judgment and such agreement is brought to the attention of this court by proper motion, the appeal will be dismissed.

## 2. Same—Waiver of Right to Appeal.

An act on the part of the defendant whereby he recognizes the validity of a judgment against him, operates as a waiver of his right to prosecute an appeal therefrom, or to bring error to reverse it.

Error from District Court. McCurtain County; C. E. Dudley, Judge.

Action to recover taxes by Leon A. White, County Treasurer of McCurtain County, against the Home Builders Lumber Company. From judgment for plaintiff, the defendant brings error. Appeal dismissed.

Barrett & Head. Ramsey, DeMeules, Rosser, Martin & King. and McPherren & Cochran. for plaintiff in error.

N. W. Gore, County Atty. of McCurtain County. S. P. Freeling, Atty. Gen., and C. W. King, Asst. Atty. Gen.. for defendant in error.

PITCHFORD, J. This proceeding in error is brought to reverse a judgment rendered in the district court of McCurtain county, against the defendant for the sum of $33,-386.86, as taxes due the state of Oklahoma and McCurtain county for the years 1915 and 1916, and declaring a lien on certain standing timber owned by the defendant. The defendant in error has filed a motion to dismiss the appeal and shows that on March 4, 1918, the parties hereto entered into a written agreement or compromise of the judgment from which this appeal is pending, in which the plaintiff in error agreed to pay and defendant in error agreed to accept, in full settlement of the judgment, the sum of $21,-300, to be paid in installments of $5,000 cash and $5.000 each 30 days thereafter. And in the event of a default in the payments, the sums therein paid should be credited on the judgment and process might be issued to enforce the collection of the judgment as if the agreement had not been entered into between the parties.

The plaintiff in error, responding to this motion, admits that it compromised the judgment and entered into the agreement as set out in defendant in error's motion to dismiss this appeal, but contends that the agreement of settlement has been repudiated by the defendant in error in that the judgment has been assigned and execution issued thereon, and that by reason of such acts the defendant in error is therefore estopped to urge the settlement as a ground for dismissal of this appeal.

This stipulation of settlement was entered into on March 2, 1918, being filed in the records of the trial court of this cause on September 10, 1918. On August 29, 1918, the defendant in error, through the board of county commissioner's of McCurtain county, assigned the judgment in question here to one J. M. Craig, and execution was thereafter issued on October 29, 1918, and the property of the plaintiff in error was levied on and sold under said execution on December 16, 1918. The record presented on this motion shows that the judgment was not assigned, nor execution issued until long after the plaintiff in error had made default in the payment provided for in the agreement of settlement.

We are of the opinion that the agreement entered into between the parties hereto was the recognition of the validity of the judgment, and, in fact, was a settlement or compromise of such judgment, and where the same has been brought to the attention of this court by proper motion and affidavit, the appeal from such judgment pending in this court will be dismissed. The question as to whether the agreement of settlement or compromise has been repudiated or violated by one of the parties, or as to the validity or invalidity of the proceedings. will not be determined here on this appeal. This court in the case of Haskell v. Ross, 71 Oklahoma, 175 Pac. 204, held:

"Any act on the part of the defendant by which he impliedly recognizes the validity of a judgment against him operates as a waiver to appeal therefrom, or to bring error to reverse it." Citing 2 Cyc. 656; City of Lawton v. Ayres, 40 Okla. 524, 139 Pac. 963; Barnes v. Lynch, 9 Okla. 11, 59 Pac. 995; Elliott v. Orton, 69 Oklahoma, 171 Pac. 1110.

The appeal should, therefore, be dismissed. and it is so ordered.

OWEN, C. J., and RAINEY, SHARP, HARRISON, JOHNSON, and HIGGINS, JJ., concur; KANE and McNEILL, JJ., absent and not participating.