## FREELAND et al. v. DOLEN.

No. 11233—Opinion Filed Oct. 11, 1921.

Rehearing Denied Jan. 10, 1922.

2nd Rehearing Denied Jan. 24, 1922.

(Syllabus.)

1. **Election of Remedies — Rights of Party —Intent.**

The general rule is, where a party has the choice between inconsistent or conflicting remedies, the court cannot deny him the right to elect which course he will choose, and where he makes an election, the court has no right to change the cause of action to the other inconsistent theory. However, the general rule is, any decisive act of a party, with knowledge of his rights and of the facts, indicating an intent to pursue one remedy rather than the other, determines his election.

2. **Same — Essentials — Evidence of Election.**

To the proper application of this rule at least three things are essential: (1) There must be in fact two or more co-existing remedies between which the party has the right to elect; (2) the remedies thus opened to him must be inconsistent, and (3) he must,

by actually bringing his action, or by some other decisive act, with knowledge of the facts, indicate his choice between these inconsistent remedies. Any unambiguous act consistent with one and inconsistent with others will be deemed conclusive evidence of an election.

3. **Damages—Contracts—Penalties and Forfeitures.**

Contracts providing for penalties and forfeitures are not favored in law.

4. **Deeds — Forfeiture for Default in Payments — Right to Lien for Payments Made.**

From an examination of the record, held: That under the facts in this case the trial court did not err in refusing to declare the deeds void, for the failure of grantee to make certain payments when due, when the deed provided another inconsistent remedy, and the acts and conduct of the defendant were such that it might be reasonably inferred that he had prior thereto elected to pursue the other remedy, and claim a lien upon the land for said payments.

5. **Public Lands — Possessory Rights and Title—Validity of Contracts—Homestead Entries.**

It is a well-settled principle that, unless forbidden by express law, contracts made by actual settlers on government land concerning their possessory rights and the title to be acquired from the United States are valid as between the parties to the contract.

6. **Same—Validity of Conveyance—Federal Statute.**

The provisions of the act of June 28, 1906 (34 St. L. 550), cannot be deemed to have been violated by a lessee who purchased 160 acres of land under and by virtue of said act, and made the first payment thereunder and thereafter conveyed 80 acres of said land subject to all the rights of the government.

7. **Judgment—Matters Concluded.**

The general rule is that a final judgment of a court of competent jurisdiction is conclusive between the parties in a subsequent action involving the same subject-matter, not only as to all matters litigated in a former action, but all matters germane to the issues which could or might have been at issue and determined thereon.

8. **Same — Res Judicata — Action to Quiet Title — Former Action to Enjoin Trespass.**

F. executed and delivered a warranty deed to D. containing the provision that D. should assume and pay certain payments due the United States Government and said payments should remain a purchase lien in favor of grantor, and a further provision that failure to make said payments should render the deed void. Thereafter D. commenced a suit against F. to enjoin F. from trespassing

upon the land and cutting the fence. F answered pleading that D had failed to make certain payments due the government and he had paid the same and the same was a lien upon the land, and pleaded a supplemental agreement between the parties whereby it was agreed that F. should have the use and occupancy and possession of the land until the full purchase price was paid. The court rendered judgment denying plaintiff any relief. F. executed an oil and gas lease on said land, and D. commenced an action against the lessee to quiet her title. F. intervened in said suit and asked to have the deed to D. declared void for failure to make certain payments due the United States and pleaded D. had no interest in the land and the former action was res adjudicata. Held, the former action being one for injunction the title was not in issue, and F. having failed to plead in the former action that the failure to make the payments due the government rendered the deed void, that question was not an issue in the former suit, nor could the same have been made an issue unless pleaded by F., and F., having failed to plead or make such question an issue, the plea of res adjudicata is not available to him.

Error from District Court, Stephens Co., Cham Jones, Judge.

Action to quiet title by Araminta Dolen against Edwin M. Freeland and others. Judgment for plaintiff, and certain defendants bring error. Affirmed.

Henshaw & Hough and Womack & Brown, for plaintiff in error.

T. B. Reeder, for defendant in error.

McNEILL, J. This action was commenced by Araminta Dolen against R. M. Conway and the Big Anticline Oil Company to quiet title to certain land in Stephens county. The Empire Gas & Fuel Company, N. B. Freeland and Edwin M. Freeland were thereafter by order of the court made parties defendant and the Freelands filed separate answers and cross-petitions; N. B. Freeland claiming 80 acres of said land and Edwin Freeland claiming 120 acres and asking to have the title to the lands quieted in them as against the paintiff.

The title to the land claimed by N. B. Freeland is deraigned as follows: N. B. Freeland on October 23, 1906, pursuant to act of Congress of June 28, 1906, 34 St. L. 550, purchased 160 acres of land and made the initial payments to the government and received his certificate of filing and his receipt for said payment, and before receiving patent, to wit, October 24, 1906, he and his wife made, executed and delivered a warranty deed to the plaintiff to 80 acres of said land, being the land in question, for recited consideration of $300 and the deferred payments owing to the United States. The deed was filed for record on the 6th day of November, 1906, with the register of deeds of Comanche county (where the land was situated), and contained the following clause:

"Said Napoleon Freeland and Adelia Freeland, his wife, do hereby covenant and agree that at the delivery hereof they are the lawful owners of the premises above granted and seized of a good and indefeasible estate of inheritance therein, in fee simple and clear of all encumbrances except the payments to be made to the United States Government in the sum of $352 and interest, which the grantee assumes and agrees to pay; said sum to be and remain a purchase money lien in favor of the grantor and the full payment thereof by grantee shall be necessary to vest a fee simple title; and the failure to make the payments shall annul and cancel this instrument and that they will warrant and defend the same and every part thereof"

As to the land claimed by N. B. Freeland, the court found the issues in favor of plaintiff and against the defendants, and decreed the plaintiff to be the owner of the land, and quieted her title against all the defendants except N. B. Freeland, and as to him the court found that on October 9, 1907, he paid $114.08 to the United States Government which was assumed by plaintiff and, as provided in the deed rendered judgment in his favor against the plaintiff for said amount, together with six per cent. interest from said date, and declared the same a lien upon said land.

From said judgment N. B. Freeland and the Empire Gas & Fuel Company, which has an oil and gas lease upon said land executed by Freeland, have appealed. For reversal it is contended, first: That the payment of the money to the United States Government was a condition precedent, and the title did not vest in Mrs. Dolen until said condition was performed by her, and when such condition was broken and Freeland paid the sum of $114.08 due the government October 9, 1907, the deed at once became a nullity and the title remained fixed and absolute in the grantor.

The deed by its terms provides two inconsistent remedies that might be pursued by the grantor upon the failure of the grantee to pay the amount due the United States Government. The one remedy gave the grantor a lien upon the land for said amount. The other provided that the failure to make said payments would annul the deed and render it void. These remedies are inconsistent and cannot both be enforced.

The grantor at the time of filing his cross-petition herein, which was in the year 1918,

sought to have the deed declared void. The trial court refused to grant him this relief, but decreed him the other remedy provided for in the deed, to wit: That he had a lien upon the land for the money paid by him which was assumed by the grantee.

The general rule is, where a party has two inconsistent remedies, he has a right to elect which remedy he will pursue, and the court cannot deny him the right to elect which course he will pursue. 20 C. J. 4. This is the general rule, but is subject to certain exceptions. The rule relating to an election of remedies is stated in 20 C. J. 19, as follows:

"It may be stated as a general rule that any decisive act of a party, with knowledge of his rights and of the facts, indicating an intent to pursue one remedy rather than the other, determines his election in case of conflicting and inconsistent remedies. To the proper application of this rule at least three things are essential: (1) There must be in fact two or more co-existing remedies between which the party has the right to elect; (2) the remedies thus opened to him must be inconsistent, and (3) he must, by actually bringing his action, or by some other decisive act, with knowledge of the facts, indicate his choice between these inconsistent remedies. Any unambiguous act consistent with one and inconsistent with others will be deemed conclusive evidence of an election."

If we apply this rule to the facts in the case at bar, Freeland at the time of filing his cross-petition had the right to elect which remedy he would pursue, unless by some decisive act prior thereto he had indicated his choice of pursuing the other remedy or done acts inconsistent with the remedy he now seeks to pursue. The plaintiff contended she had made all the payments. The court, however, found against her and found that on October 9, 1907, Freeland paid $88 on the principal due the United States and $22.08 interest, or a total of $114.08. This was the first payment due the United States Government after executing the deed, and left a balance due the governmnt of $265, together with interest. The evidence is not very clear whether Mrs. Dolen repaid the $114.08 to Mr. Freeland. After introducing the receipt showing this payment, Mr. Freeland was asked: "Q. Did Mrs. Dolen pay her part of that?" and he answered: "No, sir: I think not." Mrs. Dolen was not present, but was represented by her sons, who were not certain whether said amount had been paid by Mrs. Dolen, but the court found from the evidence that said amount was not repaid by Mrs. Dolen. By the provisions of this deed. when Mrs. Dolen failed to pay the $114.08

the defendant Freeland had a right to elect whether ne would declare the deed null and void, or whether he would pursue the remedy of declaring it a lien upon the premises. The finding of the court being a general finding that Freeland had only paid the sum of $114.08, or $88 of the principal and $22.08 interest, and that being the first payment due the United States government, would be a finding that Mrs. Dolen made the balance of the payments to the United States Government, amounting to $265 and the interest thereon. Part of this was paid direct to Mr. Freeland and accepted by him. One interest payment of $9.80 was paid to him in the year 1909. The record is not clear as to whether the other payments were made direct to him or the United States Government.

Having the two remedies in the year 1907. when Mrs. Dolen defaulted in her payments, the question is whether Mr. Freeland could accept from Mrs. Dolen payments thereafter and permit her to make the payments to the United States Government and receive the patent by virtue of her payments and accept the benefits of the patent, and after receiving the benefits of the money paid by her until the year 1918, he could then tender her money back and elect to declare the deed void for the breach that occurred in the year 1907.

In the year 1912, Mrs. Dolen commenced an action in the district court of Stephens county to enjoin Mr. Freeland from cutting the fences upon said land, and procured a temporary restraining order enjoining him from going upon the land, and in November, 1913, N. B. Freeland filed an answer which contained the following statement:

"Defendant alleges that upon the execution of said deed, both plaintiff and defendant expressly understood that the defendant would be looked to by the officers of the United States Government duly authorized thereto for the collection of said outstanding purchase money as would thereafter fall due to said government, and it was then and there expressly understood and agreed by and between the plaintiff and the defendant that said plaintiff as the purchaser from this defendant of one-half of the original homestead entry as above set forth should reimburse this defendant for any and all payments that might be by this defendant properly made to said government on account of said purchase money, or the interest thereon; and that in the event of the failure of the plaintiff so to do, the defendant should have the right to the peaceable possession thereof in addition to the lien mentioned in the deed aforesaid. and until all of said payments were so made."

By this plea Freeland was attempting to hold possession of the land for the reason the

full amount of the purchase price had not been paid, and declaring the same was a lien upon the land, and contending that at the time of executing the deed they entered into a separate oral agreement which provided he should have possession until all the payments were made in addition to his lien. Upon this state of facts we do not think the court erred in holding that Mr. Freeland, by accepting the payments after the breach of the contract, and permitting Mrs. Dolen to pay the amount due to the United States Government, and by his pleadings in the former action having claimed a lien, and never taken any steps to declare the deed null and void, had prior thereto elected to pursue the other remedy. It would seem his acts prior to the filing of his cross-petition are inconsistent with the remedy he now seeks, and the finding of the court upon this state of facts is not contrary to the weight of the evidence, but is in accordance with the law relating to election of remedies.

The title to the land claimed by Edwin Freeland is deraigned as follows: On October 23, 1906, pursuant to the same act of Congress he filed upon 160 acres of land, made the initial payment, received his certificate of filing and his receipt for said payment, but before receiving patent, to wit, October 24, 1906, he executed a warranty deed to plaintiff for 120 acres of said land, for a recited consideration of $400, and the deferred payments to the United States Government amounted to $608 and interest. The deed contains the same provisions as the deed of N. B. Freeland. In regard to this land, the court found the issues in favor of plaintiff and against the defendant, and decreed the plaintiff to be the owner of the land, and quieted her title against all of the defendants except Edwin Freeland, and as to him the court found that on August 23, 1909, he paid to the government for and on behalf of plaintiff $11.60 which was assumed by the plaintiff, and, as provided in the deed, the court rendered judgment against the plaintiff for said amount and declared the same a lien upon the land.

The facts regarding the two cases are very similar, except the defendant Edwin Freeland, after selling the plaintiff herein 120 acres of land, on the 26th day of November, 1907, executed a deed to the other 40 acres of land to Mrs. Fanny Watson, for a recited consideration of $800, less the sum of $240 due the government. On August 23, 1909, he paid the sum of $11.60 interest, being the only payment ever made by him. On October 5, 1909, he filed an affidavit in the register of deed's office of Stephens

county wherein he stated that Mrs. Dolen had failed to make payments provided for in the deed and that her deed was null and void. Mrs. Dolen, however, after that time, made all the other payments due the United States Government, and in the year 1913 she purchased the 40 acres from the heirs of Mrs. Watson. In the year 1912 the Watsons brought suit against Edwin Freeland to correct the deed made by him to the 40 acres of land, and Edwin Freeland defaulted and judgment was rendered correcting the deed.

Under the facts above stated, after defendant had disposed of all the land, although he made a payment of $11.60 interest, but permitted the plaintiff thereafter to pay the balance of the money due the United States Government, we do not feel the court erred in refusing to hold the deed null and void. During all of these years he never made any other payments to the government nor tendered the amount due the United States Government, but permitted plaintiff to do so, and now, after about ten years, seeks to avoid all payments for the reason he had paid interest in the sum of $11.60.

If the defendants Freeland are permitted to declare the deeds null and void, all payments paid by the grantee would be forfeited to the defendants. This would be exacting a penalty upon a grantee for failure to make certain payments. Penalties and forfeitures are not favored in law. Section 974, Rev. Laws, 1910, provides:

"Penalties imposed by contract for non-performance thereof are void."

We do not intend to say that the deed might not contain such a provision and be valid, but such provisions are not favored in law. In the instant case, N. B. Freeland received a consideration of $300. The plaintiff since said time and after making the default paid $265 and the interest thereon. He now seeks to forfeit all her rights to the land for failure to make a payment of $114.08. The defendant Edwin Freeland received at the time of executing the deed $400; the plaintiff, in addition thereto, has paid the sum of $608 to the United States Government, together with interest thereon. He seeks to forfeit all her interest in the land for failure to make a payment of $11.60 which he paid at the time he had no interest in any part of the land filed on by him. This would be contrary to equity and justice. The defendants, however, contend the payments made by Mrs. Dolen were made without their knowledge and consent, but we hardly think such a position is tenable, as they knew the amount was due and knew they had not paid the same and

knew the patent would not be issued until the same was paid. :

It is next contended that the deeds executed by the Freelands to the plaintiff are void for the reason they were executed prior to the time of the issuance of the patent. This would be true if the lands were obtained under the general homestead act, but the lands in the instant case were obtained under the act of Congress of June 28, 1906, and said act makes no provision for the purchaser to make affidavit, before issuing final certificate, that the land had not been alienated. The act provides who may file on said land, and after receiving his certificate of filing the only requirement to obtain a patent thereafter is to make the necessary payments due the United States Government. The law appears to be well settled that, unless forbidden by express laws, contracts made by actual settlers upon government land concerning their possessory rights and the title to be acquired from the United States are valid as between the parties to the contract.

The Supreme Court of the United States in the case of Adams v. Church, 193 U. S. 509, 48 L. Ed. 769, in the syllabus stated as follows:

"The policy of the timber culture act of June 14, 1878 (20 Stat. at L. 113, chap. 190), cannot be deemed to have been violated by an agreement by one who had made an entry thereunder to convey his claim to a proposed partnership as soon as he should acquire title from the government, in view of the failure of that act to require, as in the case of homestead entries, that the entryman shall make affidavit before final certificate that no interest in the land has been alienated."

The court in the opinion discussed the exact question involved in the case at bar. and stated as follows:

"To sustain the contentions of the plaintiff in error would be to incorporate, by judicial decision, prohibition against the alienation of an interest in the lands, not found in the statute or required by the policy of the law upon the subject."

See, also, Myers v. Croft, 13 Wall. (U. S.) 291, 20 L. Ed. 562; Lamb v. Davenport, 18 Wall. (U. S.) 307; McKennon v. Winn, 1 Okla. 327, 38 Pac. 582.

A different rule is invoked where land is acquired under the general homestead law, which provides that before final proof is made and the patent issued the homesteader must make affidavit that no part of the land has been alienated; but no such provision is contained in the act of June 28, 1906. The record in this case also disclosed that the government, through its officers, had knowledge of the fact that Freeland had transferred a portion of this land, and accepted payment from Mrs. Dolen. The final receipt executed by the government March 20, 1918, recited that the payment was received from Edwin M. Freeland by Araminta Dolen, transferee. A certified copy of the records of the land office disclosed it recited that Araminta Dolen, Oketa, Kansas, was transferee to part of said land. While this interpretation of the law would not be binding upon the court, yet the agents of the government construed the act of Congress that it was no violation of the act for the purchaser to transfer his interest in the land, or any part thereof, subject, however, to the payment still due the government, and this construction, having been followed for ten or twelve years, should be at least persuasive. We are of the opinion that when a lessee purchased the land leased by him under the act of June 28, 1906, and made the first payment, he was not prohibited from alienating the same. subject, however, to the right of the United States Government.

It is next contended that the court erred in holding that the judgment in the case of Dolen v. Freeland, rendered in the district court of Stephens county in a former action against the plaintiff, was not res adjudicata. In 1912 the plaintiff filed in the district court of Stephens county a petition for injunction, alleging that she was the owner of the land, and the defendant N. B. Freeland had unlawfully entered upon the premises, cut her fences, and had left the lands unenclosed and caused her irreparable injury. She prayed a restraining order enjoining the defendant from trespassing upon the land and from interfering with her possession. The defendant answered, denying generally the allegations of the petition, and, as a further defense, pleaded in substance that he was entitled to possession of said lands by reason of the following facts, to wit: That on the 23d day of October, 1906, he filed upon the land together with other lands, and after making the initial cash payment and receiving his certificate and receipt for the payment, executed a warranty deed containing the provision (heretofore copied in this opinion), and at the same time and place the deed was executed, and as a supplemental contract, it was orally agreed by the plaintiff and defendant that he should have the right to the possession and occupancy of said land until said land was fully paid for by the plaintiff; and then pleaded as follows: (the same as heretofore copied in this opinion); that the defendant Freeland had made certain payments and by the terms of the deed he had a lien for the

amount paid by him, and in addition thereto he was to have possession of the land until the full purchase price was paid. To this answer the plaintiff replied, and denied that she had not made all payments, but alleged if she had not made all the payments she was ready and willing to do so.

With the issues thus framed, the court denied plaintiff an injunction and dissolved the restraining order theretofore granted. In that action the defendant, Freeland, did not contend that Mrs. Dolen had forfeited her rights under the deed or that the deed was void, but contended that by the terms of the deed it was understood and agreed he had authority to pay the amount due the government, and he had a lien upon the premises for the amount he had paid, and in addition thereto he contended by supplemental agreement he was to have possession of the land until the purchase price was paid. In the injunction suit the only question involved was whether the court should enjoin the defendant from trespassing upon the premises and cutting the wire. The defendant claimed possession by virtue of an oral agreement, which was the contract in issue at that time. The defendant did not attempt to have the deed from himself to Mrs. Dolen set aside, nor did he contend that he was entitled to possession of the premises by reason of the conditions precedent in the deed being broken, or that the deed was void.

It is therefore apparent that the issues presented in this case were not presented in the former action. While it is true that a judgment between the same partes is res adjudicata as to all matters pleaded in the former action, as well as those that should have been pleaded, yet in the former action the plaintiff claimed title and asked to have the defendant enjoined. The defendant did not plead that the deed executed by him to plaintiff was of no force and effect, and thereby put the question of title in issue. The only person that could have put the question in issue in the former case was the defendant, and the defendant, having failed to defend upon that theory, cannot now contend that the plaintiff is unable to prosecute her suit by reason of his failing to make the defense which he could have made in the former action, but failed to do.

For the reasons stated, the judgment of the trial court is affirmed.

PITCHFORD, V. C. J., and KANE, JOHNSON, ELTING, and NICHOLSON, JJ., concur. HARRISON, C. J., and MILLER and KENNAMER, JJ., dissent.