BOARD OF ED., CITY OF DEVOL, v. FIRST NAT. BANK et al.

No. 14172—Opinion Filed Oct. 9, 1923.

(Syllabus.)

**Judgment — Matters Concluded.**

A final judgment of a court of competent jurisdiction is conclusive between the parties and their privies in a subsequent action involving the same subject-matter, not only as to all points actually litigated and determined in the former action, but as to all matters germane to the issue which could or might have been litigated or determined therein.

Error from District Court, Cotton County; A. S. Wells, Judge.

Action by W. R. King against the Board of Education of City of Devol; the First National Bank of Devol and others intervening. Judgment for the bank, and the board of education brings error. Affirmed.

P. Mounts, for plaintiff in error.

D. B. Madden, for defendants in error.

COCHRAN, J. This action was commenced by W. R. King against the board of education of the city of Devol, and thereafter the First National Bank of Devol, Thomas F. Hodge, and E. C. Phenis intervened. W. R. King entered into a contract with the board of education of the city of Devol for the transportation of the pupils of the city of Devol and was to receive as compensation therefor the sum of $1,500 per month. Thereafter, the claim of W. R. King was assigned to Thomas F. Hodge, who filed suit thereon against the board of education of the city of Devol, and this claim was reduced to judgment. Thereafter, the board of education procured the issuance of funding bonds for the purpose of taking up this and other judgments which had been rendered against it. The funding bonds, representing the amount due under the contract with W. R. King, were delivered to Thomas F. Hodge, trustee, and all of the money due King under the contract was paid to him except the sum of $2,700, which is the amount in controversy in this suit, the same having been deposited by Hodge in the First National Bank of Devol, and thereafter. with the consent of W. R. King, was applied to the indebtedness of E. C. Phenis to the bank. Judgment was rendered in favor of the bank and the same has become final as to all par-ties except as to the board of education of the city of Devol, which has appealed.

It is the contention of the plaintiff in error that the contract executed by the board of education to W. R. King was a void contract, and that King was not entitled to recover thereon, that the $2,700 fund was still the property of the board of education, and, since King was not entitled to the same under his contract, the bank was not entitled to judgment therefor. As we view the case, it is unnecessary to determine the validity of the King contract, as suit was brought thereon and judgment rendered in a court of competent jurisdiction, and that judgment is conclusive and indisputable evidence of the validity of the contract. The pleadings do not indicate that this judgment was procured through fraud and, therefore, the correctness of the judgment cannot be challenged in this collateral proceeding.

We are unable to agree with the contention that this fund was still the property of the board of education of the city of Devol. It was a part of the proceeds of the sale of funding bonds which had been issued to take care of judgments rendered in favor of Thomas F. Hodge, trustee, and the same was held by Hodge as trustee for the judgment creditors and not for the board of education.

In these circumstances, we are of the opinion that the judgment of the trial court should be affirmed.

JOHNSON, C. J., and McNEILL, KENNA-MER, NICHOLSON, and MASON, JJ., concur.