**FOOSHEE et al. v. CRAIG et al.**

No. 12335—Opinion Filed Nov. 12, 1924.

Rehearing Denied June 16, 1925.

**1. Appeal and Error—Waiver of Right to Appeal—Acquiescence in Judgment.**

An act on the part of the defendant, whereby he recognizes the validity of a judgment against him, operates as a waiver of his right to prosecute an appeal therefrom, or to bring error to reverse it.

**2. Judgment — Matters and Persons Concluded.**

A judgment or decree upon the merits is conclusive between the parties, and those in privity with them, and the facts thus established can never thereafter be contested between them, even upon a different cause of

action; and where the subsequent action is upon the same cause of action, not only the facts thus adjudicated are concluded, but all the material facts, which might have been presented as constituting the claim or defense, are concluded between the same parties or their privies.

### 3. Appeal and Error—Affirmance—Finality —Attempted Retrial Below.

When the party aggrieved by the judgment of the trial court appeals to this court and the judgment of the trial court is affirmed, and such judgment has become final, the trial court is without jurisdiction to entertain a motion, application, or petition to vacate and set aside such judgment, or retry the issues that had theretofore been tried and adjudicated.

### 4. Judgment—Res Judicata—Collateral Attack.

An adjudication of the jurisdictional facts in a domestic judgment is conclusive in a collateral proceeding attacking such judgment by attempting to again put such facts in issue.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, McCurtain County: G. M. Barrett, Judge.

Action by J. M. Craig and the Choctaw Lumber Company, interpleader, against D. K. Fooshee, A. J. Waldock et al. for an injunction. Judgment for plaintiffs. Defendants bring error. Affirmed.

Ledbetter, Stuart, Bell & Ledbetter and Ledbetter & Hudson, for plaintiffs in error.

John S. Kirkpatrick, McPherren & Hannah, and McPherren & Wilson, for defendants in error.

Opinion by THOMPSON, C. This is an appeal from a judgment of the district court of McCurtain county, Okla., rendered in favor of J. M. Craig, plaintiff below, and the Choctaw Lumber Company, interpleader, defendants in error, against D. K. Fooshee, A. J. Waldock et al., agents and employes of the Home Builders' Lumber Company, defendants below, plaintiffs in error, granting a permanent and perpetual injunction against the plaintiffs in error and each of them and all parties acting by, through, or under them, enjoining them from cutting or removing timber from the lands mentioned in the petition or exercising ownership or control over the property or interfering with the ownership or control of the plaintiffs over timber standing, lying, or being on the lands described in the petition of defendants in error.

The parties will be referred to hereafter as plaintiff and defendants as they appeared in the lower court.

Plaintiff's petition, which was adopted by the interpleader, the Choctaw Lumber Company, alleges that plaintiff was the owner of the standing timber, growing and situated on certain lands in McCurtain county, Okla.; that the defendants were unlawfully and wrongfully cutting and removing the timber, growing upon the said lands, and manufacturing the same into lumber and transporting the same out of this state outside of the jurisdiction of this court; that they were operating a sawmill, with a cutting capacity of 20,000 or 25,000 feet per day, continuously, and had already cut and removed over 100,000 feet of said timber; that defendants were insolvent; that unless they were granted injunctive relief they would be compelled to bring a multiplicity of suits based upon each trespass, and had no adequate remedy at law, and prayed for a temporary injunction, and that on final hearing the temporary injunction be made perpetual.

A temporary injunction was issued by the county judge on account of the absence of the district judge from the county.

The defendants answered by way of general denial, and further answered, denying that the plaintiff, J. M. Craig, had any right, title, or interest to the timber growing upon the land described or that he was the owner thereof; that the defendants went on the premises or trespassed upon the premises wrongfully, but alleged that they acted with lawful authority. All of the defendants, except D. K. Fooshee and A. J. Waldock, entered a disclaimer. The interpleader, the Choctaw Lumber Company, claimed the timber by purchase from J. M. Craig after this action was commenced.

Upon these issues the cause was tried to the court without the intervention of a jury, and at the close of all the testimony in the case the plaintiffs filed a motion to strike and exclude all the testimony introduced on behalf of the defendants that sought to attack the judgment of the court in the case of Leon A. White, Treasurer, v. Home Builders' Lumber Company, and the proceedings and sales had thereunder, and as to the value of the property sold and evidence of like import for the reasons: First, that the testimony was incompetent, irrelevant, and immaterial and did not tend to sustain any issue in the case; second, that the attack on the judgment in said case was a collateral attack; third, that the certified copies of the court records, introduced in the above styled case, showed that all matters and pleadings were submitted by pleadings, mo-

tions, and motion to vacate, duly filed in said cause of Leon A. White, Treasurer, v, Home Builders' Lumber Company, were acted upon and overruled by the district court, and to the rendition of said judgment on said motions to set aside the same an appeal was perfected to the Supreme Court of this state, and said appeal was dismissed and said judgment became final. Said opinion, dismissing the appeal, is found in the case of Home Builders' Lumber Co. v. White, 75 Okla. 294, 183 Pac. 725. On the motions to vacate and set aside the sales filed by the Home Builders' Lumber Company, itself, the same were acted upon and overruled by the district court in said cause. An appeal from said judgment was pending in the Supreme Court of this state at the time of the trial in the present case, involving the same questions urged here. The said motion to strike the testimony, referred to in said motion, was sustained, the court finding that after the judgment had been rendered in the original action and while the case was on appeal to the Supreme Court, the parties agreed by stipulation to pay the judgment or an agreed part thereof and the Home Builders' Lumber Company obligated itself to pay the judgment, which agreement or stipulation was filed in the cause then pending in this court, and this court approved said stipulation and in accordance therewith dismissed the action and issued its mandate, which was duly filed in the trial court, and held that all matters in connection with said original action became res judicata. The Home Builders' Lumber Company, after paying a portion of said judgment in accordance with the stipulation, made default as to the payment of the balance, and in accordance with said stipulation the plaintiff in that action caused three separate executions to be issued by the clerk of the court, which executions were levied upon the growing timber and the lumber at the mills, and said property levied upon was sold and, while said executions were being levied, the county, through its commissioners, sold the judgment to J. M. Craig. Thereupon motion to set aside said sale was filed by the Home Builders' Lumber Company, again raising the question of the jurisdiction of the court, the illegality of the sales, and every question that is urged here; that the judgments and executions were void, and that the property sold was real estate and was not sold in conformity with the statute in regard to the sale of real estate under execution, and also raised the question of the validity of the assignment of the original judgment to J. M. Craig, plaintiff herein, and challenged his right to invoke the

process of the court in this cause. The trial court determined all these questions adversely to the claims of the defendant, the Home Builders' Lumber Company, and an appeal was taken to this court, which appeal was pending at the time the present action was tried, but since the trial of the present action, this court dismissed the appeal, which action of this court is found in the case of the Home Builders' Lumber Company v. West, 95 Okla. 144, 218 Pac. 512, F. B. West having succeeded Leon A. White as county treasurer of McCurtain county, Okla.

From the judgment of the trial court the defendants appeal to this court for review.

The attorneys for defendants set up nine assignments of error, but content themselves by arguing the same under five separate heads, which, in substance, are as follows:

First, the contention of the defendants is that the tax judgment in the district court of McCurtain county, Okla., in the case of Leon A. White, Plaintiff, v. Home Builders' Lumber Company, Defendant, is void; second, that the court had no jurisdiction to render same and no rights could flow from it and no rights can be obtained under it; third, that the attempted sales made under general executions issued before an order of sale was issued as directed by the judgment. such general execution being not issued in conformity to, but contrary to, the provision of the judgment, that the attempted sales under such executions were void; fourth, that the standing timber was part of the land before it was severed and that the execution sale should have been conducted as sale of real estate and not as sale of personal property; and fifth, the assignment by the board of county commissioners of McCurtain county of the tax judgment, less the amount due thereon, was void. That the attempted sale by the sheriff of McCurtain county of the timber of J. M. Craig was without consideration as no cash was paid by the said J. M. Craig. J. M. Craig did not own the judgment as the attempted conveyance to him of the judgment was contrary to law. Therefore, the sheriff had no right to enter a credit on the judgment without a receipt of the cash.

The attorneys for plaintiffs urge in their brief as against the contentions of the defendants that the defendants cannot in this action again present for adjudication the five questions urged for the reason that they have heretofore been adjudicated in another action between the same parties, or their privies, involving the same issues and subject-matter, as shown by the records of the

district court of McCurtain county introduced in evidence, which included motions to vacate the judgment in the original action, the appeal to the Supreme Court, and its dismissal by . agreement and a payment of a portion of the judgment, and the motions to vacate and set aside the sales under the executions,. and the second appeal to this court, and the dismissal by this court, which, in effect, affirmed the judgment of the lower court, and that said decisions and judgments of the trial court and this court are res judicata and constitute a final judgment in all these matters, and the same cannot again be adjudicated in this action.

At the very outset we find that the defendants in their answer did not claim title in themselves to the timber, but the attorney for defendant, when the cause was called for trial, as shown by the record, made a statement, which was followed by a question by the court and answer of attorney, which follows:

"By Mr. Arnett: We make the statement in the record that A. J. Waldock was president and managing officer of the Home Builders' Lumber Company at that time, and that he is at this time, and that his claim of authority to cut this timber in this proceeding will be through the Home Builders' Lumber Company, whom we will claim yet owns that timber.

"By the Court: Those parties who are parties defendant in this action were operating under and by virtue of authority of the Home Builders' Lumber Co.? In other words, they were intending to cut this timber for the Home Builders' Lumber Co. and rely upon it for their authority? As a matter of fact, the Home Builders' Lumber Company would be the actual defendant in the case?

"By Mr. Arnett: They derive their authority to cut the timber from the Home Builders' Lumber Company."

Later the attorney for defendants made the following statement:

"It will be the defendants' contention in this case that the judgment of Leon A. White against the Home Builders' Lumber Company that those judgments were void, and that all the proceedings, the execution, the attempted sale, and everything that happened thereafter, after the judgment was obtained, was void, and that the purchaser, Craig, obtained no title or right to the property, and that the title to the property is not in the Choctaw Lumber Company or in J. M. Craig, or either of them."

The cause then must be considered as having been tried as between J. M. Craig, the purchaser of the original judgment, and as purchaser at the execution sales, who sold to the Choctaw Lumber Company, intervener, he having acquired the rights of Leon A. White, treasurer, as a judgment creditor, as plaintiffs, and against the Home Builders' Lumber Company, as defendant, under whom and through whom the defendants, D. K. Fooshee and A. J. Waldock, were operating.

If the contention of attorneys for plaintiff is correct, that the original judgment and the sales thereunder and all questions relative thereto have been adjudicated by the district court and by this court on appeal and have become res judicata, then it will be unnecessary to again review the correctness of the contentions of counsel for defendants. All the parties to this action are the same, or stand in the same relation to this action, as the parties in the original action. The same subject-matter in this action was presented in the original action. There can be no dispute that the original action between White, treasurer, and the Home Builders' Lumber Company was filed by said treasurer, to collect delinquent taxes, and that it was not specifically recited in the petition that the defendant company had no "tangible property." The sufficiency of said petition was not challenged by demurrer, but the defendant answered, and in its answer, among other things, it was recited that the only property owned by defendant was certain contracts for timber, growing on full-blood Choctaw restricted Indian allotments, and that the title to said standing timber was contested and badly clouded, and that the same was mortgaged for several times more than the value placed upon it by defendant in its answer, and that the net value of the money capital, surplus, and undivided property of the defendant company, during the years mentioned in the petition, was nothing. To this answer a demurrer was filed by plaintiff and sustained by the court, and defendant refused to plead further, and judgment was pronounced in favor of the plaintiff and against the defendant for a recovery of $33.386.86 for unpaid taxes, and then for the first time the defendant raised the question of the jurisdiction of the court and to the sufficiency of the petition, in its motion to vacate the judgment and for a new trial, in which it challenges the jurisdiction of the trial court to entertain an action to render judgment against the defendant for taxes, that no alias tax warrant has been issued before the bringing of the action, and that at the time of bringing the action the defendant had "tangible property," against which a tax warrant could be issued, and that the statute furnished an adequate, conclusive, and complete remedy for the collection of taxes, and

that the property of the defendant consisted of standing timber upon lands belonging to members of the Choctaw Tribe of the full-blood, which were restricted and nontaxable. This motion to vacate the judgment and for new trial was overruled and the cause appealed to this court and decided by this court under the stipulation, on the 9th day of September, 1919, and the decision is found in 75 Okla. 294, 183 Pac. 725.

After the appeal was lodged in this court the parties by stipulation filed in said cause in this court compromised said cause, and under the terms of said compromise made certain payments on said judgment, amounting to $10,000 or $15,000, and defaulting in the payment of the balance and by the terms of the compromise agreement it was provided that if default should be made in the payments of the amount agreed to be paid by said compromise, executions would be issued, and they were issued, and the judgment was assigned by the county commissioners to J. M. Craig, and when said compromise agreement was brought to the attention of this court the appeal was dismissed in an opinion by the late Justice Pitchford, which opinion is found, as heretofore stated, in 75 Okla. 294, 183 Pac. 725. Two paragraphs of the syllabus are as follows:

"Where plaintiff in error, after filing an appeal from judgment of the trial court, enters into a written agreement of settlement of such judgment and such agreement is brought to the attention of this court by proper motion, the appeal will be dismissed.

"An act on the part of the defendant whereby he recognizes the validity of a judgment against him, operates as a waiver of his right to prosecute an appeal therefrom, or to bring error to reverse it."

The mandate of this court was filed in the trial court, and all the matters raised in that case in our opinion, whether right or wrong, became settled and cannot again be litigated in this, or any other action, and the decision of the trial court and the dismissal of the appeal upon the stipulation of the parties by this court under the opinion of this court became the settled law of that case, and the judgment on all issues presented in that case cannot be contested again by the parties, or their privies, either directly or collaterally. Three separate executions were issued and certain properties levied upon and sold by the sheriff of McCurtain county, at which sale J. M. Craig became the purchaser, and the sheriff made his return of sales under the executions, and the Home Builders' Lumber Company filed a motion and an amended motion to set aside said

sales in said cause in the district court of McCurtain county upon the grounds that the said orders of sale did not conform to the judgment of the court, and that said executions were general and not special; that the sheriff did not go upon the lands upon which the timber was situated with the appraisers, and that the same was appraised without the appraisers viewing the property, and that the appraisement was less than the real value of the property; that the same was not properly advertised for sale; that the said execution did not mention the specific property; was not returned into court within 60 days; that said property sold was never levied upon and never taken into possession by the sheriff; that defendant had no notice or knowledge of the sale; and made a general charge that said sale was not made according to law.

The several motions and amendments thereto were overruled by the court, from which judgment of the court, overruling the motions to vacate and set aside the sales, the Home Builders' Lumber Company again appealed to this court, which appeal was pending at the time of the trial of the instant case, but subsequent to the trial, this court, through Justice Kennamer, dismissed the appeal on the grounds of some irregularity in signing and settling the case-made, which opinion is found in 95 Okla. 144, 218 Pac. 512, which, in our opinion, again settled all questions relative to said sale and concluded the rights of the parties in this action from again litigating the questions involved in the second appeal.

The defendants had two opportunities to settle the question of jurisdiction, both in the trial court and in this court, but, by their own actions in their first appeal, concluded themselves from again raising this question and in the second appeal concluded themselves by not perfecting the appeal properly. Parties cannot invoke the power of the courts of this state and ask affirmative relief and lose, and after opportunity has been given them to appeal from an erroneous judgment, by their own actions conclude themselves and then again ask the court to permit them to again litigate the same questions involving the same parties and the same subject-matter. If the matters presented here in this appeal had come to this court as an original proposition, this court would pass upon the errors assigned in the instant case, and we are of the opinion that the errors complained of have merit were it not for the previous actions of the parties and the previous judgments, which, in our view of the case preclude us from further considering these questions. This

is a collateral attack upon the prior judgment of a court of this state, having general jurisdiction, and if the defendant had taken no steps in the trial court to have the judgments and orders of the court set aside, and had appealed from the decisions of the lower court to this court, there might be some merit in the contention of counsel for defendants. There must be an end to litigation sometime, somewhere. We are not unmindful that the statute and the authorities hold that a void judgment may be vacated, either by proceeding in the cause in which it was rendered by motion or petition to vacate and set the judgment aside or by petition in equity making proper showing, or if the judgment is void it may be ignored and attacked in any proceeding, but if the judgment is attacked by motion or petition to vacate in the original proceeding, on the ground that it is void, and the court acts upon the motion or petition and sustains the judgment, the judgment of the court, sustaining the former judgment, becomes res judicata as to the validity of the former judgment. If this were not true, there would be no end to litigation. The defendants in this case are bound by the acts of their principal, the Home Builders' Lumber Company, it having filed its motions and petitions to set aside the judgments and orders of the trial court, which motions and petitions were denied and appeals taken to this court and settled by compromise in the one instance and dismissal in the other, which, in effect, foreclose the rights of the parties to further litigate the questions presented in said petitions and motions.

This court, in the case of Corrugated Culvert Co. v. Simpson, 51 Okla. 178, 151 Pac. 854, said:

"A judgment or decree rendered on demurrer to a material pleading on the ground that the facts therein stated are insufficient in law is as conclusive of the matters and things confessed by the demurrer as a verdict finding the same facts to be true; and such a judgment or decree, unappealed from, becomes a final judgment or decree upon the merits.

"A judgment or decree upon the merits is conclusive between the parties, and those in privity with them, and the facts thus established can never thereafter be contested between them, even upon a different cause of action; and where the subsequent action is upon the same cause of action, not only the facts thus adjudicated are concluded, but all the material facts which might have been presented as constituting the claim or defense are concluded between the same parties or their privies."

This court again, in the case of U. S. Fidelity & Guaranty Co. v. Harmon et al., 92 Okla. 167, 218 Pac. 682, said:

"In the trial of a cause by a court of competent jurisdiction, its decree upon the merits is conclusive between the parties upon all the facts adjudicated together with all the material facts which might have been presented as constituting a claim or defense. Such issues of fact so adjudicated, or which might have been presented for consideration, cannot thereafter become the subject-matter for litigation between the same parties, or those in privity in a collateral proceeding."

And to the same effect are the cases of the Board of Education v. First National Bank, 95 Okla. 275, 219 Pac. 98 and Baker v. Leavitt et al., 54 Okla. 70, 153 Pac. 1099, which last mentioned case cites numbers of opinions of this court which announce the rule to be applied here. The overruling of the motions to vacate the judgment of the lower court on the jurisdictional question in the original action and again presented here was conclusive of the question.

This court, in the case of Blackwell et al. v. McCall et al., 54 Okla. 96, 153 Pac. 815, said:

"An adjudication of the jurisdictional facts in a domestic judgment is conclusive in a collateral proceeding attacking such judgment by attempting to again put such facts in issue."

See, also, Bruno et al. v. Getzelman, 70 Okla. 143, 173 Pac. 850.

The dismissal of the two appeals, one by stipulation and the other on matters of procedure, was in effect to affirm the judgment of the trial court, as decided by this court in the case of Stumpff v. Harper et al., 90 Okla. 195, 214 Pac. 709, where this court held:

"When an appeal is dismissed by this court, the effect is to affirm the judgment of the trial court.

"When this court, on appeal, affirms the judgment of the trial court, such judgment is res judicata as to the issues tried in said action by the court below.

"When the party aggrieved by the judgment of the trial court appeals to this court and the judgment of the trial court is affirmed, and such judgment has become res judicata, the trial court is without jurisdiction to entertain a motion, application, or petition to vacate and set aside such judgment, or retry the issues that had theretofore been tried and adjudicated."

In conclusion, it is our opinion that the five questions raised by the defendants on

this appeal have been finally disposed of and adjudicated by the district court of McCurtain county and by this court on the two former appeals, and that these questions cannot again be litigated as the former adjudications, whether right or wrong, became the law of the case, and that all parties to said litigation and their privies are estopped from further litigating these questions concerning the subject-matters disposed of by the former judgments.

We are, therefore, of the opinion that the judgment of the lower court should be and is hereby affirmed.

By the Court: It is so ordered.