## JUDD v. COMAR OIL CO.

No. 22298. Feb. 19, 1935.

Rehearing Denied June 11, 1935.

T. J. Sargent and Irving D. Ross, for plaintiff in error.

Thompson, Mitchell, Thompson & Young and J. T. Dickerson, for defendant in error.

BUSBY, J. The plaintiff in error, F. C. Judd, as plaintiff, commenced this action in the district court of Kay county on January 22, 1930, against the defendant in error, Comar Oil Company, defendant in the court below. He sought to recover the sum of $2,900 for alleged damages to his farm by pollution.

On the trial of the cause, the learned trial judge decided that the plaintiff's asserted right of recovery was barred by a former recovery in another action. In accordance with this decision the jury was directed by the trial judge to return a verdict for the defendant. The case was brought to this court on appeal by the plaintiff, F. C. Judd.

It appears from the record that during all of the time with which we are concerned in this controversy, the plaintiff, Judd, was the owner of a 160-acre farm consisting of two 80-acre tracts lying end to end. His farm was thus one mile long north and south and a quarter of a mile wide east and west. About the year 1925 the North Bramen oil field was discovered by the defendant, Comar Oil Company. This oil field is in close proximity to the Judd farm and north and northeast thereof. The drainage from the oil field collects into a small creek which diagonally traverses the Judd farm.

On the 27th day of April, 1927, the plaintiff, Judd, filed the former action against the defendant, Comar Oil Company, and others, seeking to recover damages for wrongful pollution. In the petition in that action the injury then suffered by the plaintiff was

described in substance as the permanent pollution of the creek, and the permanent destruction by overflow of approximately 30 acres of land lying along the side of the creek. It was not asserted in the petition that any other part or portion of plaintiff's farm, except the 30 acres above mentioned, had suffered or would in the future suffer any physical injury by reason of wrongful pollution. It was, however, pleaded that in certain respects, with which we are not here concerned, the usable value of the plaintiff's farm as a unit would be impaired by reason of the destruction of the 30 acres in question. After the issues had been joined in that case, the cause was tried on the 20th day of March, 1928, and resulted in a verdict and judgment in favor of the plaintiff for the sum of $5,000.

An examination of the evidence in that case, which is incorporated in the case-made now before us, shows that in the trial thereof some evidence was introduced tending to show that the soil beneath the 30 acres was permeated with salt water. Damages were allowed in that case on the basis of depreciation in value of the entire farm occasioned by the wrongful and permanent pollution complained of.

A few months after the trial, and in the summer of 1928, four small water wells which were located in the northeast corner of plaintiff's farm became polluted and unfit for use. These wells were approximately 500 feet from the creek and beyond the limits of the 30-acre flood basin described in the petition in the former action. These wells have been salty at all times since the pollution first appeared therein. In the fall of 1929 the stock well at the barn on plaintiff's premises, which is about 45 rods from the creek and located on the south 80-acre tract, began to show signs of pollution and grew gradually worse. This well was also outside of the 30-acre flood basin area described in the petition in the former action. In March, 1930, plaintiff made a number of tests by digging holes to determine whether or not the percolating waters beneath the surface of his farm had become polluted, and ascertained that they were.

Thereafter, and on January 22, 1930, the plaintiff filed this action seeking to recover damages to his farm sustained by reason of the pollution of the subterranean or subsurface water. As a defense it was contended by the defendant that plaintiff's alleged right to recover was barred by his recovery in the former action. On the trial of the case in October, 1930, the defendant prevailed, as previously stated in this opinion.

It is the contention of plaintiff in this case in this court that the injuries complained of in this action were not included in the former case, and that at the time that case was tried they could not have been reasonably anticipated. **It is important to note in this connection that it is not contended by plaintiff that the subsequent injuries to his farm were caused in whole or in part by wrongful pollution occurring subsequent to the first suit and recovery.** In other words, the plaintiff is asserting that even though the subsequent injuries were the result of the same wrongful pollution that previously permanently destroyed the 30-acre flood bottom portion of his farm, he is entitled to recover because he could not, at the time the former suit was tried, ascertain or anticipate subsequent damages to the portions of his farm not then injured, but which were subsequently injured as a result of the same tortious acts which caused the previous injury.

It has been held by this court in an unbroken line of cases that:

"In the trial of a cause by a court of competent jurisdiction, its decree upon the merits is conclusive between the parties, upon all the facts adjudicated, together with all the material facts which might have been presented as constituting a claim or defense. Such issues of fact so adjudicated, or which might have been presented for consideration, cannot thereafter become the subject-matter for litigation between the same parties, or those in privity in a collateral proceeding." United States F. & G. Co. v. Harmon, 92 Okla. 167, 218 P. 682; Baker v. Vadder, 83 Okla. 140, 200 P. 994; Freeland v. Dolen, 84 Okla. 286, 203 P. 182; Stutsman v. Williams, 87 Okla. 64, 209 P. 406; Colby v. Eason, 91 Okla. 214, 217 P. 202; Tidal Refining Co. v. Tivis, 91 Okla. 189 217 P. 163; Board of Education v. First Nat. Bank, 95 Okla. 275, 219 P. 98; Dugan v. Wilms, 93 Okla. 89, 219 P. 651; Dickson v. Mackey, 108 Okla. 11, 233 P. 423; Fooshe v. Craig, 110 Okla. 189, 237 P. 78; Sapulpa Petroleum Co. v. McCray, 4 Fed. (2d) 645.

The difficulty in this case is not so much in ascertaining the principles of law applicable hereto as it is in applying those principles to the particular facts in the case. The question of whether or not subsequent damages which were not ascertainable at the time of the previous action can be recovered in a second action, when both the previous and subsequent damages are the result of the same tortious act, is ably discussed in

Freeman on Judgments (5th Ed.) vol. 2, at pp. 1259 to 1263, inclusive. The learned author also recognizes in his discussion the underlying principles and reasons for adherence to the rule. We therefore deem it proper to quote at length. In discussing the subject, he states:

"Splitting Damages.—Where a cause of action consists in a right to damages, all the damages of whatsoever nature, both present and prospective, must be recovered in a single action; a recovery of part of them bars on another action for the remainder. The fact that the court erroneously restricts the party as to the damages which he may prove does not alter the rule, since he should have taken appropriate steps to correct the error. Neither does the fact that damages were not known or ascertainable or had not then been actually suffered, if the claims was single and indivisible, except in those courts which make an exception to the rule on the ground of unavoidable ignorance or mistake. * * *

"Damages not Ascertainable or not Yet Suffered.—In harmony with the general rule already stated, the fact that the damages sought to be recovered in the second action had not become apparent when the former judgment was obtained does not take the case out of the rule against splitting indivisible demands. * * * The rule yields to no hardship. Unforeseen and improbable injuries resulting from any act are, equally with existing and probable injuries, parts of an inseverable demand. * * * No case can arise involving claims for serious injuries to the person in which the assessment of damage, as the law now stands, can be otherwise than imperfect and unfair. In the majority of cases, defendants must pay for damages which never develop; while in the minority, the most serious injuries must be borne without compensation. It is considerations of this character which have moved some courts to make a very questionable exception to the general rule and to permit a second action in some instances on the ground of unavoidable ignorance or mistake."

After a careful consideration of the reasons both for and against an adherence to the general rule, we have decided that it would be extremely dangerous to recognize an exception thereto.

The policy of the law is that controversies should be settled, and all questions that could have been litigated in a particular action are deemed to have been settled thereby. The mere fact that greater damage may result from an injury than was anticipated by the party at the time of trial does not authorize a second or subsequent recovery. Painter v. R. R. Co., 144 N. C. 436.

In order, however, that the scope of this opinion may not be misunderstood, we deem it proper to state that if the plaintiff had presented his case on the theory that the subsequent injuries to other portions of his premises were occasioned in whole or in part by subsequent tortious acts of the defendant, a different question would have been presented and a different answer might have resulted. See Comar Oil Co. v. Hackney, 119 Okla. 285, 250 P. 93.

It should also be borne in mind that the injuries for which plaintiff recovered in the former action were permanent in character, as distinguished from temporary injuries occasioned by an abatable nuisance, for which successive recoveries may be had. City of Ardmore v. Orr, 35 Okla. 305, 129 P. 867.

After a careful consideration of this case, we are compelled to conclude that the trial court committed no error in directing a verdict in favor of the defendants, and that the judgment should be, and therefore is, affirmed.

McNEILL, C. J., and RILEY, PHELPS, and GIBSON, JJ., concur.